## Meyer *v.* Strouse, Appellant.

Argued April 19, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Patrick H. Fierro*, with him *Morris Klewans*, and *Fierro & Miele*, for appellant.

*Henry M. Hipple*, for appellee.

OPINION BY MR. JUSTICE EAGEN, June 24, 1966:

In this action of quo warranto, the lower court entered judgment against this defendant, Doyle F. Strouse, and ordered his ouster from the office of tax collecter for the Township School District of Potter Township, Clinton County, Pennsylvania. Strouse filed this appeal.

When the case came before this Court for argument, the term of office involved had already expired. Since the only purpose of quo warranto is to try the right of the defendant to presently exercise the office con-

138

tested, and admittedly the defendant is not now entitled to this, the issue is moot and will not be entertained by this Court.

"It has long been the rule in Pennsylvania that this Court will not decide moot questions. We will do so only in rare instances where exceptional circumstances exist or where questions of great public importance are involved." *Ridley Pk. Cen. v. Sun Ray Drug Co.,* 407 Pa. 230, 232, 180 A. 2d 1, 3 (1962). See also, *Schuster v. Gilberton Coal Co.,* 412 Pa. 353, 194 A. 2d 346 (1963); *Manganese Steel F. Co. v. Commonwealth,* 421 Pa. 67, 218 A. 2d 307 (1966), Pa. Sup. C.R. 41. This is not such a case.

Appellant urges that even if the question of the right to the office is moot, since he did serve in the office of tax collector, either de jure or de facto, that he is at least entitled to compensation and to have his right thereto litigated in this action. The issue and judgment in quo warranto is strictly governed and limited by the Act of June 14, 1836, P. L. 621, as amended, 12 P.S. §2021 et seq. Relief of the nature involved is not permitted in this action under the statute.

Appeal dismissed.