409 A.2d 330

**GRAZIANO CONSTRUCTION COMPANY, INC., a Pennsylvania Corporation, Appellant,**

v.

**Laurence F. LEE, Jr., Bert A. Betts, Roy B. Davis, Jr., N. Clement Slade, Jr., Robert M. Green, Luther H. Hodges, James B. McIntosh, Arthur W. Milam, Jack H. Quaritius, Frederick H. Schroeder and John W. York, not as Individuals but as trustees of Fidelity Mortgage Investors, a Massachusetts business trust; and DLPST Corporation, a Pennsylvania Corporation, Appellees.**

Supreme Court of Pennsylvania.

Argued Sept. 20, 1979.

Decided Dec. 21, 1979.

John C. Artz, Robert W. Doty, Eckert, Seamans, Cherin & Mellott, Pittsburgh, for appellant.

Richard B. Tucker, III, Donald L. Very, Tucker, Arensberg, Very & Ferguson, Pittsburgh, for Laurence F. Lee, Jr., et al., not individually but as trustees for Fidelity Mortgage Investors.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Appellant, Graziano Construction Co., Inc. obtained a writ of foreign attachment on May 23, 1974 which directed the seizure of certain property owned by appellee, Fidelity Mortgage Investors (hereinafter "FMI"). The attachment of FMI'S property was subsequently released upon the posting of a bond by FMI with the Court. On August 29, 1978, Judge Papadakos of the Court of Common Pleas of Allegheny County ordered the bond discharged and cancelled, there-

by releasing all obligations on the part of FMI. The following memorandum opinion was filed shortly thereafter:

## MEMORANDUM OPINION

September 27, 1978

The facts of this case are as stated in the Motion to Discharge and Cancel Bond. The case is controlled by *Schreiber v. Republic Intermodal Corporation,* 473 Pa. 614, 375 A.2d 1285 (1977) and *Jonnet v. Dollar Savings Bank of the City of New York,* 530 F.2d 1123 (3rd Cir. 1976).[1] Graziano appealed directly to this Court from the Order of the Court of Common Pleas, citing as its jurisdictional basis the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 722(7) (Pamph.1979).[2] For the reasons that follow, we hold that jurisdiction over this appeal does not lie in this Court and accordingly order the transfer of this matter to the Superior Court.[3] Pa.R.A.P. 751(a) (adopted Nov. 5, 1975, effective July 1, 1976).

Title 42 Pa.C.S.A. § 722(7) provides that:

The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following classes of cases:

\* \* \* \* \* \*

1. In *Jonnet v. Dollar Savings Bank,* 530 F.2d 1123 (3rd Cir. 1976), the United States Court of Appeals for the Third Circuit declared the Pennsylvania Rules of Civil Procedure relating to writs of foreign attachment unconstitutional. We adopted the holding of *Jonnet* and gave it retrospective effect in *Schreiber v. Republic Intermodal Corp.,* 473 Pa. 614, 375 A.2d 1285 (1977).

2. The substantive issue involved herein is whether the rule of *Jonnet* and *Schreiber* may properly be given retrospective application to the facts of the instant case.

3. In addition to disputing the issue on the merits, FMI filed a Motion to Dismiss Appeal, decision on which was deferred by Order of this Court pending oral argument. FMI'S motion was grounded upon the following contentions: (1) that this Court lacks jurisdiction to hear the appeal because the Order from which the appeal is taken is interlocutory in nature and (2) that the question appellant seeks to have reviewed is moot. Having determined that we do not have appellate jurisdiction over this matter, we do not consider either of these points.

(7) Matters where the court of common pleas has held invalid as repugnant to the Constitution, treaties or laws of the United States, or to the Constitution of this Commonwealth, . . . any provision of . . . any statute of, this Commonwealth . . .

FMI argues that this Court lacks jurisdiction because Judge Papadakos' Order was not a final, appealable Order; further, FMI asserts that the case is moot, due to the fact that the Order terminated the obligations of FMI under the bond and rendered it a nullity. We, however, find the jurisdictional defect to be even more fundamental.[4] In the instant case, there exists no order from the Court of Common Pleas declaring a statute of the Commonwealth invalid as repugnant to the Constitution as is required for jurisdiction under 42 Pa.C.S.A. § 722(7). Judge Papadakos did not by his Order of August 29 declare the Pennsylvania foreign attachment procedures unconstitutional. The foreign attachment provisions had been ruled unconstitutional some years earlier by the United States Court of Appeals for the Third Circuit in *Jonnet, supra,* and subsequently by this Court in *Schreiber, supra.* Thus, the Court of Common Pleas merely applied the existing law to the facts of the case before it. In ordering the bond dissolved and cancelled, Judge Papadakos effectively applied the rule of *Jonnet* and *Schreiber* retrospectively. Such action is certainly not the same as actually declaring the Pennsylvania foreign attachment provisions to be repugnant to the constitution.

Although we recognize that we are empowered to decide this appeal because the jurisdictional defect has been waived,[5] under these circumstances, we believe a direct appeal to this Court is neither appropriate nor is it what was

---

4. Pa.R.A.P. 741, entitled "Waiver of Objections to Jurisdiction," (Amended June 23, 1976, effective July 1, 1976), provides that failure of an appellee to object to the jurisdiction of an appellate court operates to perfect the jurisdiction of the appellate court, "*unless the appellate court otherwise orders.*" Thus, it is within out authority to decline jurisdiction, and in the instant case, we have determined that such is the appropriate action.

5. See footnote 4, *supra.*

intended by the General Assembly in its enactment of 42 Pa.C.S.A. § 722(7).

Appeal transferred to the Superior Court.

MANDERINO, J., did not participate in the decision in this case.