Commonwealth of Pennsylvania *v.* One 1978 Lincoln Mark V. Michael Spinelli, Appellant.

Commonwealth of Pennsylvania *v.* One 1978 Lincoln Mark V. Appeal of: Frank Cherry, Appellant.

Argued June 2, 1980, before Judges WILKINSON, JR., McPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Frederick W. McBrien, III, Kane, Pugh, Anderson, Subers & McBrien,* with him *Richard Winters,* for appellants.

*Carl Vaccaro,* Deputy Attorney General, with him *John O. J. Shellenberger,* Deputy Attorney General, Eastern Regional Director, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., June 26, 1980:

On April 22, 1978 Pennsylvania State Police Officers seized the subject vehicle, a 1978 Lincoln Mark V, having observed its utilization in the transportation of drugs in violation of The Controlled Substance, Drug, Device and Cosmetic Act (Act), Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §780-101 et seq. On May 4, 1978 a Petition for Forfeiture was filed in the Court of Common Pleas of Philadelphia County

and a copy of the same was personally served on Michael Spinelli, the registered owner of the vehicle.

On May 10, 1978 a notice of the filing of the forfeiture petition was published in the Philadelphia Inquirer, which notice advised all interested parties to file claims to the vehicle within 10 days. No claims were filed.

On November 13, 1978 a hearing on the Forfeiture Petition was held. The court entered an order forfeiting the vehicle to the Commonwealth the day of the hearing.

On December 5, 1978, Frank Cherry (Cherry), contending that he is the equitable owner of the vehicle forfeited, obtained an ex parte rehearing order. On April 16, 1979 that order was stricken. Cherry appealed from the April 16, 1979 order but failed to obtain any supersedeas or stay.[1]

On July 19, 1979 the Commonwealth sold the subject vehicle pursuant to Section 28 of the Act, 35 P.S. §780-128. Thus, the rem which is the subject of the instant action is no longer before us and the appeal is moot. The law clearly establishes that the Courts of the Commonwealth will not decide moot questions, *Wortex Mills, Inc. v. Textile Workers Union of America,* 369 Pa. 359, 85 A.2d 851 (1952), even when the mootness develops while the case is on appeal. *In Re Gross,* 476 Pa. 203, 382 A.2d 116 (1978).

While an actual controversy existed when this action began, the subject matter, the rem, of the case is gone. The property having been sold and no person before us having any interest remaining therein, the issue is entirely moot. *See Herman v. Pepper,* 317 Pa. 349, 176 A. 201 (1935). Further, the terms of the order that is here on appeal have been fully executed

---

[1] The order involved in the instant appeal is not for the payment of money and does not fall within any automatic supersedeas. See Pa. R.A.P. 1731.

and there remains no power to grant the relief sought. *O'Donnell v. Pennsylvania Liquor Control Board,* 158 Pa. Superior Ct. 535, 45 A.2d 369 (1946). Because an order in favor of appellants would have no effect we must find this case moot. *Baker Nursing Home, Inc. Appeal,* 28 Pa. Commonwealth Ct. 603, 369 A.2d 1336 (1977).

The issues on appeal having been rendered moot, the appeal must be dismissed.[2] Accordingly, we enter the following

ORDER

AND Now, June 26, 1980, we dismiss the appeals docketed to No. 30 T.D. 1979 and 31 T.D. 1979 from the order of the Court of Common Pleas of Philadelphia County, dated April 16, 1979, docketed to Misc. No. 1978-05-0001, the same having been rendered moot.

---

[2] Before the vehicle was sold, Judge Gafni of the Court of Common Pleas of Philadelphia, after oral argument and briefs filed wrote an able 14 page opinion carefully considering and disposing of the merits of the appellants' claims.