**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert L. HENNIGAN, Appellant.**

Superior Court of Pennsylvania.

Submitted May 17, 2004.

Filed Sept. 30, 2004.

Robert L. Hennigan, appellant, Pro Se.

Hugh J. Burns, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: BENDER, BOWES and JOHNSON, JJ.

OPINION BY BOWES, J.:

¶ 1 Appellant, Robert L. Hennigan, appeals *pro se* from the trial court's August 14, 2003 denial of a proposed order that directed the Pennsylvania Department of Corrections to admit Appellant into a prerelease program. As the trial court's order was not a final order, we lack jurisdiction to consider the merits of this appeal. Accordingly, we quash the appeal.

¶ 2 On October 6, 1998, Appellant was convicted of possessing a controlled substance with intent to deliver, criminal conspiracy and violating the Uniform Firearms Act. On October 8, 1998, the trial court imposed an aggregate sentence of six

to twenty years imprisonment followed by seven years probation. On appeal, we vacated the seven years probation imposed on the firearms conviction. On July 8, 2002, the trial court dismissed Appellant's subsequently filed PCRA petition.

¶ 3 Thereafter, Appellant sought enrollment in the Pennsylvania Department of Corrections's prerelease program. Accordingly, Appellant's corrections counselor, Tony Luscavage, drafted a letter to the trial court seeking its recommendations on a proposal placing Appellant in a community corrections center pending his release from custody. The community corrections center is a residence "in the community with custodial structure and strong emphasis on guidance and counseling." 37 Pa. Code § 94.2. On June 9, 2003, after reviewing Appellant's file, the trial court informed the Department of Corrections that it opposed Appellant's admission into the prerelease program until at least two months before the date Appellant is scheduled to complete his minimum sentence, October 8, 2004.[1] On August 14, 2003, Appellant filed a proposed order with the trial court directing Mr. Luscavage to enroll Appellant into the prerelease program.[2] The trial court denied the proposed order, and this appeal followed.[3]

¶ 4 In its Pa.R.A.P. 1925(a) opinion, the trial court posited that its denial of the proposed order is not reviewable pursuant to Pa.R.A.P. 302, 311, and 312, relating to reviewable issues and interlocutory appeals. The trial court nevertheless noted the reasons for its objection to Appellant's inclusion in the program: the serious nature of Appellant's offenses, the large amount of narcotics and money involved in the drug offense, and Appellant's level of participation in the criminal enterprise. As we agree that the August 14, 2003, order was not an appealable order, we quash the appeal.

¶ 5 While this Court has recognized that participation in prerelease programs is subject to the trial court's approval, *see Commonwealth v. Campas,* 232 Pa.Super. 347, 331 A.2d 670 (1974) (*dicta* noting the requirement of judicial approval for all prerelease selections); *Commonwealth v. Parlante,* 823 A.2d 927, 930 n. 6 (Pa.Super.2003) (*dicta* positing that decision to enroll prisoner in prerelease program is subject to trial court's approval), we have not considered whether an appeal lies from a trial court's decision to withhold its approval. For the following reasons, we conclude that the order declining approval is not an appealable, dispositive order.

---

1. We are cognizant that Appellant's claim is moot. As we are currently within two months of the date Appellant's minimum term of imprisonment is scheduled to expire, the trial court no longer will oppose Appellant's inclusion into the prerelease program. However, we nonetheless address the jurisdictional issue presented in this case because the question relating to the appealability of a trial court's objection to a prisoner's participation in a prerelease program is "capable of repetition yet escaping judicial review." *Graziano Construction Co., Inc. v. Lee,* 298 Pa.Super. 311, 444 A.2d 1190, 1193 (1982) (appellate courts may address moot or abstract issue if issue presented is of great public importance or where question is capable of repetition yet escaping review).

2. Appellant did not file a petition or motion for relief along with the proposed order.

3. Appellant's *pro se* brief does not comply with the minimum requirements of Pa.R.A.P. 2111, in that it lacks every component required by the rule except the attached opinion of the trial court. Nonetheless, after reviewing the section of Appellant's brief titled "Averious [sic] reasons for reconsideration," we can deduce that Appellant challenges the trial court's exercise of discretion in opposing Appellant's placement in the prerelease program.

¶ 6 A final order is any order that disposes of all claims as to all parties or is otherwise designated final by statute or by the certification of the trial court. *See* Pa.R.A.P. 341. Herein, the trial court's order was not a final order because the determination was not dispositive; the court did not have authority to grant or deny Appellant's request.

¶ 7 The prerelease program is a creature of statute governed by 61 P.S. § 1052 and administered by the Department of Corrections pursuant to 37 Pa.Code § 94. According to the statute and the regulation, a prisoner who has not served his minimum sentence must seek the trial court's approval prior to participating in the prerelease program. In addition, both provisions account for the possibility that a trial court may withhold its approval of an otherwise eligible prisoner's request, and both reserve the ultimate determination for an administrative body, not the trial court.

¶ 8 The statutory scheme provides as follows:[4]

A person who has not served his minimum sentence shall not be transferred to a pre-release center unless (i) more than twenty days have elapsed after written notice of the proposed transfer, describing the person's individual prerelease program, has been received by the sentencing judge or in the event he is unavailable, the sentencing court and the prosecuting district attorney's office and no written objection by the judge

containing the reason therefor has been received by the bureau; or (ii) the judge withdraws his objection after consultation with representatives of the bureau; or (iii) **approval of the proposed transfer is given by the Board of Pardons.** 61 P.S. § 1052(c). The statute further explains the procedure to resolve a disagreement between the trial court and the Department of Corrections relating to whether a prisoner should be entitled to participate in the program:

the matter shall be listed for hearing at the next session of the Board of Pardons to be held in the hearing district in which the judge is located. During the hearing before the Board of Pardons, representatives of the judge, the bureau, the district attorney of the county where the individual was prosecuted and any victim involved shall have the opportunity to be heard.

*Id.* Hence, while the trial court's input is a required aspect of the determination regarding whether to bestow prerelease status upon a prisoner who has not yet served his minimum sentence, the decision to grant prerelease is ultimately vested in the sound discretion of the Board of Pardons.

¶ 9 Herein, Appellant did not raise the trial court's objections with the Department of Corrections or seek a hearing before the Board of Pardons. Instead, Appellant filed the instant appeal from the trial court's order denying Appellant's request for prerelease status. However, as the trial court's role in determining Appel-

4. Likewise, 37 Pa.Code § 94.5 provides in pertinent part as follows (emphasis added):
(b) If the inmate has not finished his minimum sentence and an objection is received from the judge or court, if the judge is unavailable, within 30 days of his receipt of the proposed prerelease plan, representatives of the Department will contact the judge or court and if necessary arrange for a meeting to attempt to resolve the dis-

agreement. **If, within 20 days of the Department's receipt of the objections, the judge or court does not withdraw the objection and the Department does not withdraw its proposal for transfer, or the judge and the Department do not agree on an alternate proposal for transfer, the Department will refer the matter to the Board for arbitration.**

lant's eligibility for prerelease was merely advisory, the court lacked the authority to either grant or deny Appellant's request. Consequently, the court's refusal to enter the requested order did not determine Appellant's eligibility for admission into the prerelease program, and it cannot constitute a final, appealable order. Hence, we have no jurisdiction to hear this appeal.

¶ 10 Appeal quashed.