**OVERLAND ENTERPRISE, INC.,
c/o Kyle Knosp, Appellee**

v.

**GLADSTONE PARTNERS, LP as
Successor in Interest to PCA
Corporation, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 27, 2008.
Filed June 2, 2008.

---

Jonathan A. Lang, Drums, for appellant.

James R. Scallion, Drums, for appellee.

BEFORE: FORD ELLIOTT, P.J., DONOHUE, and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Gladstone Partners, successor to PCA Corporation, (Gladstone), appeals the order entered on February 7, 2007, in the Court of Common Pleas of Luzerne County, that enjoined it from exercising possession over real estate which it obtained *via* judgment against its former lessee, Over-

land Enterprise, Inc., c/o Kyle Knosp. Upon review, we reverse.

¶ 2 The relevant facts and procedural history of this case are as follows: On June 30, 2006, Gladstone, lessor of a commercial lease held by Overland, initiated suit against Overland in magisterial district court to obtain monies owed for back rent and to obtain possession of the leased property. The magisterial district court found in favor of Gladstone as to both damages and possession and issued a judgment in favor of Gladstone on August 4, 2006. Thereafter, Overland filed a praecipe for writ of *certiorari* of the magisterial district court's decision with the Luzerne County Court of Common Pleas and a petition for special relief.[1]

¶ 3 Upon *certiorari* review, the trial court found in Overland's favor and reduced the monetary damage award to Gladstone entered by the magisterial district court. Importantly, the trial court's order did not disturb the magisterial district court's judgment of possession in favor of Gladstone. Overland did not seek reconsideration of the trial court's order, and it did not appeal the trial court's order to this Court. Instead, on November 17, 2006, Overland sought review of the magisterial district court's August 4, 2006 judgment a second time by filing an appeal *de novo* from the judgment to the Luzerne County Court of Common Pleas. Gladstone responded to Overland's appeal by filing a motion to strike Overland's appeal as untimely. During the pendency of Gladstone's motion, Gladstone also successfully petitioned the court to terminate the stay pending appeal *de novo* as a result of Overland's failure to continue to pay rent to Gladstone during the pendency of the

---

1. Overland's petition for special relief requested the trial court to entertain *certiorari* review of the magisterial district court's judgment without the requirement that Overland post bond and also asserted that Gladstone lacked standing to institute the landlord-tenant action.

appeal. *See* Pa.R.C.P.M.D.J. 1008B. Thereafter, Gladstone obtained an order of possession, and an eviction notice was posted on the property, which indicated that eviction was to take place on February 5, 2007.

¶ 4 The trial court conducted a hearing on Gladstone's motion on January 31, 2007, and, at the conclusion of the hearing, the trial court struck off Overland's appeal as untimely. After entry of the trial court's January 31, 2007 order, Overland filed a praecipe to reinstate the writ of *certiorari* and a motion to quash the order of possession. In response, Gladstone filed a motion to quash Overland's praecipe.[2]

¶ 5 While these motions were pending before the trial court, Gladstone executed its judgment of possession on February 5, 2007, and Overland was evicted from its former leasehold. On February 6, 2007, Overland filed a petition for preliminary injunction to enjoin Gladstone from exercising possession over the property, despite the fact that eviction had already occurred. In turn, the matter was assigned to Judge Ann H. Lokuta of the Luzerne County Court of Common Pleas for disposition. A hearing on the matter was conducted on February 6, 2007, whereat Gladstone, through its attorney,

Jill A. Moran, Esquire, requested orally that Judge Lokuta recuse herself from the case due to the fact that Attorney Moran was subpoenaed to testify at Judge Lokuta's pending action before the Judicial Conduct Board. Judge Lokuta denied Gladstone's request. Thereafter, Judge Lokuta issued a rule to show cause and temporary injunction in favor of Overland and scheduled a second hearing to be held on February 7, 2007, the following day.

¶ 6 Gladstone sought Judge Lokuta's recusal at the February 7, 2007 hearing *via* written motion, which Judge Lokuta denied. Following argument on the merits of the preliminary injunction, Judge Lokuta granted the petition for preliminary injunction, conditioned on Overland's filing of bond with the prothonotary. The order indicates that the basis for the granting of the preliminary injunction was that a "final and unappealable Order" was not yet entered in the action involving the parties at civil docket 12648 of 2006.[3] Thereafter, on February 8, 2007, the trial court, presided by Judge Clinton W. Smith, ruled that *certiorari* review and relief had been granted in Overland's favor previously by virtue of the trial court's October 25, 2006 order, and it denied Overland's praecipe to reinstate its writ of *certiorari*. The trial

---

**2.** We note that after the trial court's ultimate disposition of these motions, Overland filed a notice of appeal to this Court on March 1, 2007, that sought review of the trial court's January 31, 2007 order, which was docketed at Luzerne County Civil Docket number 12648 of 2006. This appeal was docketed at 653 MDA 2007 and is currently pending before this Court. Overland also attempted to appeal the February 8, 2007 order to this Court at 427 MDA 2007. On its notice of appeal of the February 8, 2007 order, Overland listed the trial court docket number as 12648 of 2006. However, the docket number for the *certiorari* proceedings was Luzerne County Civil Docket number 9528 of 2006. Consequently, Overland's appeal was quashed by this Court due to the fact that the trial

court did not enter an order on February 8, 2007, at docket number 12648 of 2006. *See Gladstone Partners, L.P. v. Overland Enterprise, Inc.*, 427 MDA 2007 (Pa.Super. filed 7/17/2007) (unpublished order). We denied reconsideration of our July 17, 2007 order because Appellant failed to correct the defect in its notice of appeal. *See Gladstone Partners, L.P. v. Overland Enterprise, Inc.*, 427 MDA 2007 (Pa.Super. filed 8/6/2007) (unpublished order).

**3.** The trial court's citation to 12648 of 2006 is erroneous. The pending action referred to by the parties at the preliminary injunction hearing was the pending praecipe to reinstate the writ of *certiorari* at 9258 of 2006.

court also denied Overland's motion to quash Gladstone's order of possession.

¶ 7 Based on Judge Smith's ruling, Gladstone sought reconsideration of the preliminary injunction granted in Overland's favor. Following a hearing, Judge Lokuta denied Gladstone's motion for reconsideration. Gladstone, in turn, filed a timely notice of appeal to this Court. The trial court ordered Gladstone to file a concise statement of matters complained of on appeal, and it complied. Thereafter, the trial court authored an opinion that addressed the issues presented in Gladstone's concise statement.

¶ 8 Gladstone presents the following issues for our review:

1. Did the trial court abuse its discretion in granting the preliminary injunction on February 7, 2007, when [Overland] failed to establish the elements necessary for a preliminary injunction?

2. Did the trial court abuse its discretion in denying [Gladstone's] motion for recusal, where the record clearly demonstrated an appearance of impropriety and that Judge Lokuta's presiding over the case undermined the public's confidence, where [Gladstone's] counsel stated on the record that she expects to testify against Judge Lokuta in a proceeding before the Judicial Conduct Board[?]

Gladstone's brief, at 4.

■■■ ¶ 9 Preliminarily, we note that we are authorized to exercise jurisdiction over this appeal by virtue of Pa.R.A.P. 311(a)(4), which provides that a party aggrieved by an order granting a preliminary injunction may appeal the order as of right. Inasmuch as possession of the former leasehold had passed to Gladstone as a result of the eviction process, the present injunction constitutes a *mandatory* preliminary injunction in that it requires Glad-

stone to surrender its possession of the former leasehold to Overland for its business use. See, e.g., Greenmoor, Inc. v. Burchick Constr. Co., 908 A.2d 310, 312–13 (Pa.Super.2006) (mandatory preliminary injunctions require positive acts on part of respondent to preserve status quo between parties). We have summarized the nature of our standard of review from the grant or denial of a mandatory preliminary injunction in the following fashion:

Generally, appellate inquiry is limited to a determination of whether an examination of the record reveals that "any apparently reasonable grounds" supports the trial court's disposition of a preliminary injunction request. [Summit Towne Centre, Inc. v. Shoe Show of Rocky Mt., Inc., 573 Pa. 637, 646, 828 A.2d 995, 1001 (2003)]. The standard of review differs, however, where, as here, the trial court has granted a mandatory preliminary injunction. See id., note 7. Such a remedy is extraordinary and should be utilized only in the rarest of cases. See id., note 13. Our Supreme Court has deviated from the general standard applicable to review of preliminary injunctions, *only* when reviewing the grant of a mandatory preliminary injunction. See [Mazzie v. Commonwealth, 495 Pa. 128, 134, 432 A.2d 985, 988]. The *Mazzie* Court explained:

Generally, preliminary injunctions are preventive in nature and are designed to maintain the status quo until the rights of the parties are finally determined. There is, however, a distinction between mandatory injunctions, which command the performance of some positive act to preserve the status quo, and prohibitory injunctions, which enjoin the doing of an act that will change the status quo. This Court has engaged in greater scrutiny of mandatory injunctions and has of-

ten stated that they should be issued more sparingly than injunctions that are merely prohibitory. Thus, in reviewing the grant of a mandatory injunction, we have insisted that a clear right to relief in the plaintiff be established. [...].

*Id.* (citations omitted and emphasis supplied.)

As the above elucidates, in reviewing the grant of a mandatory preliminary injunction we must examine the merits of the controversy and ensure that "a clear right to relief in the plaintiff [is] established." *See Id.*

*Greenmoor,* 908 A.2d at 313 (*citing Kessler v. Broder,* 851 A.2d 944, 946–47 (Pa.Super.2004)). Therefore, the law of this Commonwealth requires that a petitioner seeking a preliminary injunction must establish every one of the following prerequisites:

First, a party seeking a preliminary injunction must show that an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages. Second, the party must show that greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings. Third, the party must show that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct. Fourth, the party seeking an injunction must show that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits. Fifth, the party must show that the injunction it seeks is reasonably suited to abate the offending activity.

Sixth, and finally, the party seeking an injunction must show that a preliminary injunction will not adversely affect the public interest.

*Summit Towne Centre,* at 646–47, 828 A.2d at 1001. If a petitioner fails to establish any one of the aforementioned prerequisites, a reviewing court need not address the others. *Id.,* at 646, 828 A.2d at 1001.

 ¶ 10 Our review of the present case indicates that Overland failed to meet the fourth factor of the aforementioned test, *i.e.,* that the activity that it sought to restrain was *actionable.* The facts make clear that, regardless of Overland's novel attempts to obtain successive and duplicative review of the magisterial district court's judgment, it failed utterly to stay the enforcement of the possession component of its judgment. First, during its attempt to take appeal *de novo,* Overland failed to post bond as required by Pa. R.C.P.M.D.J. 1008B. Likewise, contrary to the trial court's implication in its opinion, no authority exists for the proposition that a praecipe to reinstate a writ of *certiorari* acts as a stay of an order of the minor judiciary.

¶ 11 Rather, the provisions of Pa. R.C.P.M.D.J. 1013B (regarding requirements for stay during *certiorari* review in real property possession cases) are identical to those of Rule 1008B, and they indicate that receipt of a writ of *certiorari* by a magisterial district court judge acts as a stay in a case involving the possession of real property only if the party seeking the writ deposits a sum of money equal to the lesser of three months rent or the rent actually in arrears, and, thereafter, deposits cash with the prothonotary in a sum equal to the monthly rent. Overland's praecipe to reinstate the writ of *certiorari* did not include a payment of money to the prothonotary, *i.e.,* posting of bond, and Overland did not seek to avoid the bond

requirement as it had previously by filing a "petition for special relief." Therefore, as the possession component of the magisterial district court's judgment was *never* stayed properly through the posting of bond at any point in this litigation, Overland was unable to prevent its enforcement *via* the eviction process. *See Graziano Constr. v. Lee*, 298 Pa.Super. 311, 444 A.2d 1190, 1193–94 (1982). Given that Overland had lost possession of the land through eviction the day before the preliminary injunction hearing, the petition for preliminary injunction was moot when it reached Judge Lokuta for disposition. *Id.*, 444 A.2d at 1193–94. Consequently, Gladstone's possession of the former leasehold was clearly not actionable, and, therefore, we must reverse the order granting the preliminary injunction. *Summit Towne Centre*, at 646–47, 828 A.2d at 1001.

¶ 12 Given our disposition, we need not delve into great detail whether Judge Lokuta should have recused herself in the present case. As with all questions of recusal, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. *Arnold v. Arnold*, 847 A.2d 674, 680 (Pa.Super.2004). The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. *Id.*, 847 A.2d at 680–81. This is a personal and unreviewable decision that only the jurist can make. *Id.*, 847 A.2d at 680–81. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion. *Id.*, 847 A.2d at 681.

¶ 13 Presently, despite her public involvement with Attorney Moran and its controversial nature, Judge Lokuta ruled that she could remain fair and impartial during the course of the proceedings. We have no record evidence to conclude that Judge Lokuta was aware of the nature of Attorney Moran's testimony in the pending Judicial Conduct Board proceedings against her at the time of the adjudication of the recusal motion such that the putative testimony could or would influence Judge Lokuta's ability to preside impartially. As to the question of whether the specter of the appearance of judicial impropriety was raised by the nature of the pending controversy between Judge Lokuta and Attorney Moran, our caselaw is clear that a jurist's decision on whether same exists is unreviewable. *Arnold*, 847 A.2d at 680–81. Moreover, while her legal rulings were erroneous and unsupported by the record, the record also demonstrates that Judge Lokuta went to great lengths to provide each of the parties with the opportunity to present their arguments and that she entertained the arguments respectfully and patiently. Accordingly, we need not consider the matter further.

¶ 14 Order reversed. Jurisdiction relinquished.