J-S51001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.J.A. ON BEHALF OF THE MINOR CHILDREN, A.S.A., A.P.A. AND A.E.A. | : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| D.C.A., | | |
| Appellant | | No. 941 EDA 2018 |

Appeal from the Order Entered March 1, 2018
In the Court of Common Pleas of Northampton County Domestic
Relations at No(s):  C-48-PF-2017-738

BEFORE:  DUBOW, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:                **FILED FEBRUARY 25, 2019**

Appellant, D.C.A., appeals from the Order denying his Motion to Amend Final Protection from Abuse ("PFA") Order to allow him to possess his firearm while on duty as a police officer in Harding, New Jersey.  Because the PFA expired on October 27, 2018, we dismiss this appeal as moot.

On October 27, 2017, after a hearing, the Northampton County Court of Common Pleas entered a final PFA Order against Appellant forbidding him from having contact with his former wife and his children for one year.  The Order also prohibited him from possessing firearms.  Appellant did not appeal that Order.

Instead, on December 7, 2017, Appellant filed a Motion to Amend the PFA to enable him to possess a firearm while on duty as a police officer in

Harding, New Jersey.  The court held a hearing and, on March 1, 2018, the trial court denied the Motion.  Appellant timely appealed.

However, on October 27, 2018, during the pendency of this appeal, the PFA expired.  The firearms restriction is, thus, no longer in effect and Appellant's issue no longer exists.

Accordingly, we dismiss this appeal as moot.  ***See generally In re Gross***, 382 A.2d 116, 119 (Pa. 1978) (observing that a case can become moot during its pendency due to a change in the facts or law, and appellate courts of this Commonwealth will not decide moot or abstract questions).[1]

Dismissed as moot.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/19

---

[1] We are aware that we may review a case or controversy that has become moot "in rare instances when the question presented is one of great public importance, or when the question presented is capable of repetition yet escaping judicial review." ***Graziano Constr. Co. v. Lee***, 444 A.2d 1190, 1193 (Pa. Super. 1982) (citations omitted).  This is not such a case.

- 2 -