J-S02020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS W. OLICK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT AND BEVERLY SKRAPITS | : | No. 1470 EDA 2020 |

Appeal from the Order Entered June 12, 2020,
in the Court of Common Pleas of Northampton County,
Civil Division at No(s):  C 48-CV-2019-11678.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

JUDGMENT ORDER BY KUNSELMAN, J.:          **FILED:  APRIL 9, 2021**

Thomas W. Olick appeals, *pro se*, from an order denying him *in forma pauperis* status in a separate appeal.  ***See Olikc v. Skrapits***, 1581 EDA 2020.  Both parties contend that whether the trial court erroneously denied Mr. Olick *in forma pauperis* status is now moot.

On December 9, 2019, Mr. Olick sued Robert and Beverly Skrapits for malicious use of civil process.   Mr. and Mrs. Skrapits filed preliminary objections, which the trial court sustained.  Mr. Olick mistakenly appealed to the Commonwealth Court of Pennsylvania and simultaneously moved the trial court for *in forma pauperis* status.

After a COVID-19 delay, the trial court held a hearing on Mr. Olick's *in forma pauperis* motion.  It denied his request.  The next day, he filed a document titled "Failure to Comply with Pa. 231 Pa. Code 240 (c)(3)."  The trial court construed this as an application for reconsideration; scheduled

another hearing on the *in forma pauperis* request; and directed Mr. Olick to bring certain documents that he had previously alleged would support his *in forma pauperis* application.

On June 12, 2020, the trial court issued an order vacating its prior order. The court then concluded that Mr. Olick "has sufficient assets to pay any fees associated with his case, and further, based upon the record, [found] Mr. Olick lacking in credibility in material respects with respect to the information contained in his petition for *in forma pauperis*." Trial Court Order, 6/12/20. It again denied his *in forma pauperis* motion.

Meanwhile, Mr. Olick requested *in forma pauperis* status from the Commonwealth Court. **See** Olick's "Application for Exemption to Reproduced Record" at 1, 1581 EDA 2020 (stating that he "filed with the Commonwealth Court a Pa RAP Rule 553 Motion to proceed *in Forma Pauperis* in this Appeal (640 CD 2020)"). He then filed another appeal to the Commonwealth Court from the trial court's order denying *in forma pauperis* status. The Commonwealth Court transferred both appeals and the appellate motion for *in forma pauperis* status to this Court.

We denied Mr. Olick's appellate, *in forma pauperis* motion on November 2, 2020. **See** Superior Court Order, 11/2/20 (filed at 1581 EDA 2020). Also, in his brief, he admits to having paid all appellate fees. Strangely, Mr. Olick concedes that the primary issues of this appeal are moot. "Were the issues surrounding the previously denied [*in forma pauperis*] motion rendered MOOT after [Mr. Olick] paid all relevant Appeal Fees?" Mr. Olick's Brief at 2 (some

capitalization omitted). "Suggested Answer: Yes." **Id.** We agree with Mr. Olick; the primary issues underlying this appeal are moot.

Mootness "problems arise from events occurring after the lawsuit has gotten under way [including] changes in the facts . . . ." **In re Gross**, 382 A.2d 116, 119 (Pa. 1978). The Supreme Court of Pennsylvania opined:

> this Court will not decide moot questions. As explained above, a legal question can become moot on appeal as a result of an intervening change in the facts of the case. For example, in **Meyer v. Strouse**, 221 A.2d 191 (Pa. 1966), involving an action *in quo warranto*, the appellant appealed from the lower court's judgment which ordered his ouster from the office of tax collector. When the appeal reached this Court, the appellant's term of office had already expired, and this Court held that the intervening expiration of the appellant's term of office rendered the appeal moot.

**Id.**, 382 A.2d at 119–20 (some citations omitted).

Here, a change in facts has likewise mooted the issues surrounding Mr. Olick's *in forma pauperis* status. He has paid the appellate fees that such status would have allowed him to forgo. Whether Mr. Olick can afford those court payments no longer requires resolution, because he has made them. The underlying issues of this appeal are therefore moot.

Appeal dismissed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/21

- 3 -