J-A21001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL DINGMAN ARNOLD | : | No. 230 EDA 2021 |

Appeal from the Order Entered January 11, 2021,
in the Court of Common Pleas of Pike County,
Criminal Division at No(s):  CP-52-CR-0000208-2017.

BEFORE:   KUNSELMAN, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED JANUARY 19, 2022**

The Commonwealth appeals from the trial court's order deferring Carl Dingman Arnold's sentence of incarceration, due to the COVID pandemic. Following review, we dismiss this appeal as moot.

The facts and procedural history are as follows.  On July 6, 2017, Arnold pled guilty to DUI[1] and was sentenced to intermediate punishment.  In October 2019, after a hearing, the court found that Arnold violated his IP.  On January 2, 2020, the court sentenced Arnold to 12 months to 5 years of incarceration, to commence effective that date.  Arnold filed a post-sentence motion, which the court denied.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802.

On March 26, 2020, Arnold requested an emergency furlough from the trial court; he was concerned about the COVID pandemic given his physical health and age. The trial court denied his request.

Arnold subsequently filed an emergency motion for reconsideration of his sentence, *nunc pro tunc*, requesting that his sentence be modified so that he could serve it at home. On April 1, 2020, with the Commonwealth's agreement, the trial court granted Arnold's request and vacated its January 2, 2020, order. The court imposed various conditions, including the use of an alcohol detection device, and indicated it would resentence Arnold at some point in the future.

On October 29, 2020, the trial court resentenced Arnold to the original sentence of 12 months to 5 years of incarceration, with credit for time served of 180 days. However, the court deferred Arnold's report date until November 30, 2020, due to the number of COVID cases in Pennsylvania and Arnold's advanced age and medical conditions. The court retained parole authority.

As Arnold's report date approached, the number of COVID cases increased significantly. Consequently, the trial court, *sua sponte*, again postponed Arnold's report date to January 11, 2021.

On January 11, 2021, Arnold reported to the Pike County Correctional Facility as required. The jail notified the trial court that Arnold had reported. Concerned about the even greater number of COVID cases, the court determined that it was still not a good time to incarcerate Arnold.

Consequently, the court again, *sua sponte*, postponed Arnold's report date to March 11, 2021. Shortly thereafter, the Commonwealth appealed that order.

On March 11, 2021, Arnold reported to the Pike County Correctional Facility, and started serving his sentence.

The Commonwealth and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal the Commonwealth raises two issues:

I.   Whether the lower court erred as a matter of law by *sua sponte* entering an order of court releasing [Arnold] from the Pike County Correctional Facility without any statutory power that permits a court to release a defendant sentenced to a maximum term of five years?

II.  Whether the lower court erred in releasing [Arnold] from the Pike County Correctional Facility *sua sponte* without notice and opportunity to be heard provided to the Commonwealth?

Commonwealth's Brief at 4.

In its first issue, the Commonwealth claims that the trial court erred by "furloughing" Arnold from jail on January 11, 2021. Specifically, the Commonwealth argues that the court lacked statutory authority to do so. According to the Commonwealth, "[a] trial court may only release an inmate of a correction facility upon the expiration of the minimum term of imprisonment on parole, or if an inmate is sentenced to a maximum period of imprisonment of less than five years." Thus, because Arnold's maximum sentence was for 5 years, the trial court did not have the authority to "release" Arnold from jail. Commonwealth's Brief at 7-8.

The Commonwealth further maintains that this appeal is not moot even though Arnold started serving his sentence. It claims that the exceptions to the mootness doctrine apply in cases involving an inmate's furlough, citing ***Commonwealth v. Benn***, 680 A.2d 896 (Pa. Super. 1996). Commonwealth's Reply Brief at 2.

Before addressing the substance of the Commonwealth's claim, we must first determine whether we have jurisdiction to consider this appeal. It is well settled that "an actual case or controversy must exist at all stages of appellate review." ***Benn***, 680 A.2d at 897 (citation omitted). "Since the existence of an actual controversy is essential to appellate jurisdiction, if, pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal generally will be dismissed as moot." ***Id.*** However, our courts have repeatedly emphasized that cases will not be dismissed as moot when the issue presented is one of great public importance, ***Meyer v. Strouse***, 221 A.2d 191 (Pa. 1966); ***Graziano Construction, Inc. v. Lee***, 444 A.2d 1190 (Pa. Super 1982); ***Janet D. v. Carros***, 362 A.2d 1060 (Pa. Super. 1976), or when the issue is capable of repetition yet escaping judicial review, ***Devlin v. Osser***, 254 A.2d 303 (Pa. 1969); ***Werner v. King***, 164 A. 918 (1933); ***Graziano***, ***supra***.

Notably, in ***Benn***, which the Commonwealth relies on, this Court found that the issue of whether a trial court had the authority to temporarily furlough a state prisoner satisfied both of the exceptions to the mootness doctrine. In that case, Benn was serving a 4 to 8 year sentence in a state prison. Benn

- 4 -

petitioned the trial court for a temporary furlough to attend his grandson's Bar Mitzvah, which the trial court granted. The Commonwealth appealed claiming that the court did not have the authority to furlough a state prisoner.

On appeal, this Court concluded that, although the Bar Mitzvah had already occurred, the matter was not moot. The Court reasoned that Benn could request other furloughs during the term of his incarceration. Thus, the trial court's authority to grant him a furlough would continue to be a possible issue throughout the term of his incarceration, yet likely to escape review. **Benn**, **supra** at 542. Additionally, the issue presented in **Benn** would generally address a trial court's jurisdiction to furlough any prisoner under the authority of the Bureau of Corrections, which had not been addressed previously, and therefore, was a matter of great public importance. **Id.**

The instance case, however, is distinguishable from **Benn**. Here, shortly after the Commonwealth filed this appeal, Arnold started serving his sentence. Based upon the credit time, Arnold had already served 6 months of his one-year minimum sentence when he returned to jail on March 11, 2021. Furthermore, as of October 5, 2021, when this Court heard argument in this matter, Arnold had finished serving his minimum sentence. At that point, the trial court undeniably had the authority to parole Arnold.[2] Therefore, unlike

---

[2] Generally, the Sentencing Code provides that all persons sentenced to "maximum terms of five years or more shall be committed to the Bureau of Corrections for confinement." 42 Pa.C.S.A. § 9762. However, the Legislature created an exception to that provision in the Vehicle Code, which provides that
*(Footnote Continued Next Page)*

Benn, the trial court's authority to release Arnold would not continue to be a possible issue during the remainder of his incarceration.

Additionally, unlike **Benn**, the trial court's decision here was limited to a very narrow set of circumstances relating to only Arnold's particular health situation in the midst of a global pandemic. The Commonwealth agreed to Arnold's release from the county jail at the start of the pandemic. The same facts regarding the risk to Arnold continued to be present when the trial court authorized the subsequent deferrals. As such, we cannot say that this was a matter of great public importance to qualify as an exception to the mootness doctrine.

We therefore conclude that the exceptions to the mootness doctrine do not apply, and the Commonwealth's appeal is moot. As such, we are precluded from considering the merits of this appeal and must dismiss it for lack of jurisdiction.

Appeal dismissed.

_____

DUI offenders subject to a maximum sentence of five years may serve their confinement in a county facility. 75 Pa.C.S.A. § 3804. The Vehicle Code further grants the sentencing judge parole supervision over offenders whose sentences are being served in county prison. 75 Pa.C.S.A. § 3815(a). Parole may be granted once the defendant has served the mandatory minimum term of imprisonment, subject to certain requirements. 75 Pa.C.SA. 3815(b). **See Commonwealth v. Flaherty**, 89 A.3d 286, 290 (Pa. Super. 2014).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/19/2022