J-S18022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL EVAN KEELING, | |
| Appellant | No. 1431 EDA 2014 |

Appeal from the Order entered March 27, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-MD-0007358-2010

BEFORE:  BENDER, P.J.E., ALLEN, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED MARCH 10, 2015**

Michael Evan Keeling ("Appellant") appeals *pro se* from the trial court's order granting in part and denying in part his petition for return of property. We affirm.

The trial court summarized:

> Following a lengthy procedural history, [the trial] court held an evidentiary hearing to address Appellant's return of property petition on March 27, 2014 and entered orders returning $900 United States currency to Appellant, denying Appellant's return of all other tangible property as moot, and denying Appellant's request for payment of interest on the funds that were returned to him.

> Appellant filed a motion for reconsideration on April 11, 2014, which [the trial] court denied on the same day. Subsequently, Appellant filed a timely appeal to the Superior Court of Pennsylvania on April 28, 2014.  Within the notice of appeal, the Appellant also included a statement of matters complained of on appeal pursuant to Pa.R.A.P. §1925(b)[.]

Trial Court Opinion, 7/28/14, at 1.

Appellant presents two issues for our review:

1.     The trial court erred by its failure to grant relief pursuant to 42 C.S. § 6801-6802 forfeiture of property in the form of a judgment on the pleadings when the Commonwealth never sought forfeiture of items No. 1493309, No. 1493310, No. 1493315, and unknown receipt of clothing.

2.     The trial court erred by not granting Appellant yearly interest rates for nineteen plus years on the nine hundred dollars when the Commonwealth had agreed to return funds in a case filed nolls [sic] pros in 1997.

Appellant's Brief at iii.

An appellate court's review of a trial court's decision on a petition for return of property is limited to examining whether findings of fact made by the trial court are supported by competent evidence and whether the trial court abused its discretion or committed an error of law. ***Commonwealth v. Wintel, Inc.***, 829 A.2d 753 (Pa. Cmwlth. 2003).[1]

Regarding Appellant's first issue, we agree with the trial court that Appellant's claim is moot. ***Commonwealth v. Matsinger***, 68 A.3d 390 (Pa. Cmwlth. 2013) (where the Commonwealth is not in possession of the property, a petition for the return of the property is moot). ***See also In re***

---

[1] "Although decisions of the Commonwealth Court are not binding on this Court, we may rely on them if we are persuaded by their reasoning." ***Charlie v. Erie Ins. Exch.***, 100 A.3d 244, 253 n.9 (Pa. Super. 2014) (citation omitted).

*Duran*, 769 A.2d 497 (Pa. Super. 2001) (If events occur to eliminate the claim or controversy at any stage of the process, the case becomes moot.).

The trial court explained:

> Appellant's request for the return of other tangible property was properly denied as moot because the Commonwealth no longer possessed the property in dispute.
>
> Where the Commonwealth is no longer in possession of property, a petition filed for the return of that property is moot. *See Commonwealth v. One 1978 Lincoln Mark V.*, 415 A.2d 1000 (Pa. Cmwlth. 1980). As to Appellant's items on property receipts 1493310 and 1493315, the Commonwealth provided evidence that proved the property had been transferred to the Pennsylvania Revenue Department and was no longer in the Commonwealth's possession. As to the clothing placed on property receipt 1493309, the Commonwealth presented evidence that those items had been destroyed in 2001 by order of the court on August 20, 2001. As to all other property, the Commonwealth contends that Appellant has provided insufficient information, in the form of property receipt numbers, which would enable the Commonwealth to locate those items. A review of the pleadings confirms the Commonwealth's allegation.

Trial Court Opinion, 7/28/14, at 2-3.

Our review of the record supports the trial court's finding of mootness. At the hearing on Appellant's petition for return of property, the Assistant District Attorney stated, "We are going to return the money to [Appellant] because that's still available. We cannot return other items to [Appellant] and we will explain exactly why." N.T., 3/27/14, at 5. The Assistant District Attorney and Appellant agreed that receipts No. 1493310 and 1493315 pertained to jewelry, and receipt No. 1493309 pertained to clothing. *Id*. at 7-8. The Assistant District Attorney moved for the admission of Exhibit C2,

which was a copy of the two receipt reports. *Id*. at 9-10. The Assistant District Attorney explained in detail:

> [A]fter a certain number of years, property that's unclaimed goes to the State of Pennsylvania. It's held by the Revenue Department. As miscellaneous unclaimed property, you can actually ask for it back from the Pennsylvania Revenue Department. The police no longer have it.
>
> Your Honor, as you can see from the report, it indicates that that was disposed of in 2006, both items on those property receipts.
>
> The second report that I gave Your Honor is a list of all the property receipts of all the items that sheeted [sic] to the state on June 29, 2006. On the second page of that list are the two property receipt numbers that end in 10 and 15 which account for the jewelry.
>
> In other words, sir, in 2006 the police, looking at the computer indicating that this case was over with, [Appellant's] criminal case was over with, gave [Appellant's] property to the State of Pennsylvania. The State of Pennsylvania through the Revenue Department holds items that are unclaimed. So at this point, the last whereabouts of those items is going to be with the Revenue Department, so [Appellant] can make any claims for those items to the Revenue Department. They have their own procedures for returning items. Today the issue is moot in front of the judge because they're no longer in the possession of law enforcement.
>
> Your Honor, moving on, okay, with regard to the items, okay, that were placed on property receipt 1493309, those [Appellant] didn't ask for those back but I just wanted to make sure that everything that was in [Appellant's] name was dealt with today. That's listed as clothing, Your Honor, and I did check with the evidence custodian to determine what might have happened to that.
>
> I'm going to ask the court today to sign an order denying [Appellant's] return of those items only because it again is moot because the law – the police department no longer has those items. They no longer have your clothing and in support of that,

Your Honor, I have a set of documents I collectively call as Exhibit C3 and I will explain what they are.

The first document is from the – it's a memo from the evidence custodian where he's requesting that certain items be destroyed and it's a 15 page list of items that are on property receipts that they ask to be destroyed because as far as they could tell, the criminal case was over with. This memo is dated July 19, 2001 and it's signed by Lieutenant Hrywnak, H-r-y-w-n-a-k. He's the evidence custodian and he asks that this 15 page list of items be destroyed. And Page 9, which I have made a copy of that 15 page list, lists down the items on property receipt 1493309 which, as I told you before, is listed as clothing.

Additionally, in that same packet is a letter – excuse me, it's a memo – I'm sorry, it's a petition, a petition for the destruction of property. It was made by Karen Simmons who's legal counsel at the Deputy Solicitor's Office.

What they do is on behalf of the police department, when the items that they need to have destroyed, the deputy solicitor makes a motion to the court so those items can be destroyed. This is a copy of that motion.

Thirdly, in that packet is the actual order from the judge which references back that memo from July 19th, 2001 and that 15 pages – 15 page attachment which included that property for [Appellant's] clothing. It's signed by Judge Byrd and it is dated August 20th, 2001. I'd offer that into evidence at this point to support my request that Your Honor sign an order denying the return of that property.

*Id*. at 10-13.

Clearly the trial court was persuaded by the evidence proffered by the Assistant District Attorney, and we find no abuse of discretion or error of law by the trial court in denying Appellant relief on the basis of mootness.

In his second issue, Appellant claims that the trial court erred in declining to award interest on the $900.00 returned to Appellant. We initially find that Appellant has waived this claim because he fails to cite any

- 5 -

legal authority, nor does he develop any meaningful argument.  ***See***

***Commonwealth v. Luktisch***, 680 A.2d 877 (Pa. Super. 1996) ***citing***

Pa.R.A.P. 2119 (an issue is waived for failure to cite authority or develop an

argument).

In the absence of waiver, the trial court has offered the following

rationale, which we find persuasive:

> Recovery of interest on funds held by the government in forfeiture under the Controlled Substances Forfeiture Act is not authorized by common law, statute or contract.  *See Commonwealth v. Funds in Merrill Lynch Account, Owned by Rennick Peart,* 937 A.2d 595, 598 (Pa. Cmwlth. 2007).  The only remedy available under the Forfeiture Act is the return of Appellant's property, not the award of interest.  *See* 42 Pa. C.S. § 6802(j) and (k).

Trial Court Opinion, 7/28/14, at 3.

Given the foregoing, we find no abuse of discretion or error of law by

the trial court, and therefore affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/10/2015

- 6 -