378 A.2d 847

COMMONWEALTH of Pennsylvania

v.

Conrad HAMPTON et al., Appellants.

Supreme Court of Pennsylvania.

Argued March 29, 1976.

Decided Oct. 7, 1977.

Defender Association of Phila., John W. Packel, Asst. Public Defender, Chief, Appeals Div., for appellants.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Gaile R. McLaughlin, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

The appellants in this case were summarily adjudicated guilty of criminal contempt in the Municipal Court of Philadelphia and each was sentenced to a jail term of six months. Jurisdiction of this Court has been invoked under the Appellate Court Jurisdiction Act of 1970, July 31, P.L. 673, No. 223, art. II, § 202(5), 17 P.S. § 211.202(5) (Supp.1977–78). However, § 211.202(5) provides for a direct appeal to this Court in cases of orders of direct criminal contempt in the Courts of Common Pleas and other contempt proceedings in the Courts of Common Pleas relating to orders which are appealable directly to the Supreme Court. *See Commonwealth v. Africa,* 466 Pa. 603, n. 1 at 610, 353 A.2d 855, n. 1 at 858 (1976).\* However, these convictions arose in Munici-

---

\* In *Commonwealth v. Africa,* 466 Pa. 603, 353 A.2d 855 (1976), which also involved appeals from criminal contempt adjudications in Mu-

388

pal Court and not the Court of Common Pleas. We, therefore, transfer the matter to the Court of Common Pleas of Philadelphia with instructions that it proceed to hear and decide the appeal in accordance with the statutes of this Commonwealth and the rules of this Court. Appellate Court Jurisdiction Act, *supra,* art. V, § 503(b), 17 P.S. § 211.503(b). See also Act of October 17, 1969, P.L. 259, § 19, 17 P.S. § 711.19 (Supp.1977–78); Act of 1968, December 2, P.L. 1137, No. 355, § 3, 42 P.S. § 3003 (Supp.1977–78); Pa.Rules of Criminal Procedure 67.

JONES, former C. J., did not participate in the decision of this case.

MANDERINO, J., concurs in the result.

nicipal Court, this Court heard the appeals on the authority of the Act of 1970, July 31, P.L. 673, art. V, § 503(a), 17 P.S. § 211.503(a) (Supp.1977–78); in the absence of jurisdictional objection on the part of appellee we accepted jurisdiction. In *Africa* the "Court accepted jurisdiction, in part, because the Commonwealth urged that both the jurisdictional and substantive issues deserved our attention." Id. at 618, n. 4, 353 A.2d at 862 n. 4. In the instant appeal, to the contrary, the Commonwealth has noted its strenuous objection to the perfection of jurisdiction in this Court and urged that the orderly process for appellate review of Municipal Court adjudications be followed.