424 A.2d 868

COMMONWEALTH of Pennsylvania

v.

Henry D. STOLTZFUS, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 16, 1980.

Decided Jan. 27, 1981.

John F. Pyfer, Jr., Lancaster, for appellant.

Charles B. Grove, Jr., Sol. of East Earl Township, Lancaster, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant was found guilty by a District Justice of violating East Earl Township Ordinance No. 11, which regulates the placement of mobile homes on lands within the township. He appealed the summary conviction to the Court of Common Pleas of Lancaster County. On April 4, 1978, at a hearing de novo he was again found guilty and ordered to pay a $100 fine plus costs of prosecution within thirty days. No appeal was taken.

On August 8, 1978, having failed to make payment as ordered, appellant was arrested pursuant to a warrant issued for contempt of court and incarcerated in the Lancaster County Prison. Three days later at a hearing to show cause why appellant should not be held in contempt, the court determined that he had not yet paid the fine and costs. The court did not make a final adjudication of contempt at that time. Rather, appellant was released pending a hearing on October 4, 1978, at which time the court said it would determine whether appellant should be required to make payment and whether he should be held in contempt. At the October 4 hearing, however, the court did not adjudicate the issue of contempt. After a hearing on appellant's ability to pay, see Pa.R.Crim.P. 1407, the court entered an order setting forth a schedule of payments to satisfy the outstanding fine and costs. It is from this order that appellant appeals.

Appellant asserts that jurisdiction of this Court is provided by 42 Pa.C.S. § 722(4) which states:

"§ 722.  Direct appeals from courts of common pleas

The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following classes of cases:

. . . . .

(4) Direct criminal contempt in the courts of common pleas, and other contempt proceedings in the courts of common pleas relating to orders which are appealable directly to the Supreme Court."

However, appellee objects to this Court's assumption of jurisdiction on the grounds that (1) the court did not enter an order of criminal contempt and (2) the lower court order is not otherwise appealable directly to this Court. Because appellee has raised a valid jurisdictional objection, see 42 Pa.C.S. § 704(a) and Pa.R.A.P. 741(a), we will not exercise jurisdiction over this appeal. Instead, we order transfer of the appeal to Superior Court. Pa.R.A.P. 751; see *Commonwealth v. Hampton*, 474 Pa. 386, 378 A.2d 847 (1977).

The record is clear that, although criminal contempt proceedings were instituted, the court of common pleas did not enter an order of criminal contempt. See *Graziano Construction Co. v. Lee*, 487 Pa. 241, 409 A.2d 330 (1979). As previously noted, at a hearing to show cause the court deferred ruling on the contempt issue, stating that at the October 4, 1978 hearing it would make "a final adjudication of the contempt citation in this matter." However, at the beginning of the October 4 hearing the court stated: "In today's hearing the only issue the Court will consider is the ability of the Defendant Stoltzfus to pay the fine and costs heretofore imposed." Shortly thereafter, the court reiterated the point:

"Well now, Mr. Stoltzfus, this is what the Court is going to do. You heard me state that the only issue before the Court in the Court's judgment is whether you can pay this fine and costs. If you will state to the Court that you will pay this fine and costs and when you will pay it, the Court will grant you some indulgence in that respect."

The trial court order providing for a schedule of payments is not within the direct appellate jurisdiction of this Court,

but, as previously indicated, is properly appealable to Superior Court. 42 Pa.C.S. § 742. Thus, we will not review appellant's arguments (1) that the order should be quashed because he was incarcerated prior to a hearing on his ability to pay, see Pa.R.Crim.P. 1407(a), and (2) because contempt proceedings were allegedly used improperly to obtain jurisdiction over him.

Appeal transferred to Superior Court.