631 A.2d 1360

**Tammy J. GERACE, Appellee,**

v.

**Gregory GERACE, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 23, 1993.

Filed Oct. 8, 1993.

204

Stephen W. Furst, Bellefonte, for appellant.

Carl J. Mollica, State College, for appellee.

Before OLSZEWSKI, POPOVICH and HESTER, JJ.

OLSZEWSKI, Judge:

This is an appeal from the order of the Court of Common Pleas of Centre County requiring appellant to pay appellee the sum of $8,680.85. Appellant, Gregory Gerace, is appellee's step-father. In February of 1989, appellee filed for a Protection from Abuse ("PFA") order against appellant. On February 8, 1989, the court issued an *ex parte* order enjoining appellant from abusing, harassing, or threatening appellee. On March 30, 1989, upon the parties' consent, the court ordered appellant to refrain from abusing, harassing, or threatening appellee. This order was to remain in effect for one year from February 8, 1989. On April 4, 1989, appellee filed a petition requesting the return of her personal property. The parties had been unable to resolve this matter as a part of the consent agreement that led to the March 30th order. This property was alleged to be at appellant's residence, the home of his mother and where appellee had lived prior to entering college. After a hearing at which appellant admitted, through his attorney, that he had disposed of some of the property and some of it was still at his mother's Philadelphia residence, the court entered an order dated April 17, 1989, requiring appellant to make arrangements for the return of appellee's property. On March 30, 1990, appellee petitioned the court to enter a rule and adjudicate appellant in civil contempt for failing to return her property. Appellee put the value of her unre-

turned and destroyed property at $8,680.85. On February 13, 1991, without specifically holding appellant in contempt, the court ordered him to pay appellee the specified amount pursuant to § 10186(a)(8), now § 6108(a)(8), of the Protection from Abuse Act. This section provides that the court may "[d]irect[ ] the defendant to pay the plaintiff for reasonable losses suffered as a result of the abuse, including ... out-of-pocket losses for injuries sustained." 23 Pa.C.S.A. § 6108(a)(8). Appellant filed post-trial motions, which were subsequently denied on September 4, 1991. This appeal followed.

Appellant raises three issues: whether the court properly determined "rights to tangible personal property under the Protection from Abuse Act when such determination is not necessary for the protection of a party[; whether the] petition for contempt alleging failure to comply with an Order under the Protection from Abuse Act, filed after the expiration of that Order, [is] barred by time[; and] was Appellant's behavior contemptuous of the Trial Court?" Appellant's brief at 6. These are issues of first impression and we address them *seriatim.*

## I.

Appellant argues that the court's April 17, 1989, order was invalid because the Protection from Abuse Act, 23 Pa. C.S.A. §§ 6101–6117, does not allow the court to determine the rights to personal property when such a determination is not necessary for the protection of one of the parties. We disagree. The court had issued a protective order against appellant pursuant to a consent agreement. Appellant had been arrested on criminal charges stemming from the allegations made in the PFA petition. These facts are enough to establish that adjudication of the return of appellee's property was necessary for her protection. Appellant's incarceration did not, as he alleges, end the threat to appellee. He could have posted bail and been released from jail at any time.

Furthermore, the PFA Act provides for broad relief. "The court may grant any protection order or approve any

consent agreement to bring about a cessation of abuse of the plaintiff or minor children." 23 Pa.C.S.A. § 6108(a). The statute also provides a list of possible orders including evicting a party from the common household, ordering temporary custody of minor children, ordering temporary relinquishment of weapons to the sheriff, and directing the defendant to *reimburse the plaintiff for reasonable losses incurred.* 23 Pa.C.S.A. § 6108(a)(1)–(8). Thus, the court may order a defendant to return a plaintiff's personal property where procuring it herself would potentially subject her to danger. Appellant also argues that he should not have been ordered to return appellee's property because he was not in control of the premises where the property was since it was in his mother's house and he was in jail. Appellant had been living with his mother prior to his arrest and had exercised control over appellee's property while he lived there. In fact, appellant admitted disposing of a majority of the property prior to his arrest. In addition, the order provided that he was to make arrangements to have the property returned; this could be accomplished by a telephone call. As a result, appellant cannot now claim that he does not have control over the property in order to invalidate the order. We affirm the court's order mandating the return of appellee's property.

## II.

█ Next, appellant alleges that "a petition for contempt alleging failure to comply with an order under the Protection from Abuse Act, filed after the expiration of that order, is barred by time." Appellant's brief at 10. We cannot afford appellant relief on this basis. First, we must note that the court order of February 13, 1991, did not hold appellant in contempt of court. It was an order to pay appellee the value of her property that appellant destroyed and failed to return. This order was made pursuant to § 6108 of the PFA Act. The fact that the order was made in response to a petition for rule and adjudication of civil contempt does not mean appellant was actually adjudged in contempt of court. The order merely modified the April 17, 1989, order requiring the return of

appellee's personal property and recognized that the property was unrecoverable. Appellant is therefore "responsible for the loss and destruction of the personal property of the [appellee] valued at $8,680.85." Opinion and order, February 13, 1991, at 2.

Second, appellant claims that this petition was time-barred because it was filed after the expiration of the protective order. This petition, however, was in response to appellant's failure to comply with an affirmative order to return her property, not due to his noncompliance with the protective order. The April 17, 1989, order provided that the property was to be returned on April 19, 1989. Appellant did not comply with this order. Approximately 11 months after this failure to comply, appellee filed her petition requesting relief. This cannot be considered untimely. Appellant would have us believe that he may ignore a court order with impunity by requiring the adverse party to immediately petition the court for further relief. There is no statute of limitations for obeying a court order or requesting the enforcement of a court order. We can, however, analogize this case to an action upon a judgment or decree which has a four-year statute of limitation. 42 Pa.C.S.A. § 5525(5). Thus, this petition was not time-barred, and the court properly ordered appellant to reimburse appellee for the value of her property. Due to our disposition of this issue, we need not reach appellant's third issue.

Order of court affirmed. Jurisdiction relinquished.