J-S03026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICHARD TOKARCIK, JR. | |
| Appellant | No. 948 WDA 2016 |

Appeal from the Order Dated June 13, 2016
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000049-2010

BEFORE:    OLSON, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED APRIL 27, 2017**

*Pro se* Appellant, Richard Tokarcik, Jr., appeals from the order imposing a payment plan for the remaining amount of his outstanding fines, costs, and restitution.  We affirm.

The facts and full procedural history underlying Appellant's convictions are unnecessary for our disposition.  In pertinent part, on November 9, 2010, the trial court sentenced Appellant to an aggregate term of four months to three years' imprisonment and restitution of $3,392.89 to one victim and $650 to another victim.  Order, 11/9/10.  Appellant was also ordered to pay fines and costs.  *Id.*  The sentencing order provided that "within ten (10) days from the date of parole, [Appellant] shall contact the

---

[*] Retired Senior Judge assigned to the Superior Court.

Clearfield County Department of Probation Services, Collection Division, to establish a monthly payment plan." *Id.*

Appellant filed an untimely "supplemental post-sentence motion," which the trial court denied. Appellant did not file a direct appeal. He subsequently filed two Post-Conviction Relief Act (PCRA) petitions, both of which were denied.

Appellant remained incarcerated for his entire sentence, which ended in October of 2013. On April 29, 2016, the Commonwealth filed a request to hold him in contempt.[1] The Commonwealth alleged that Appellant was in arrears of $4,505.02 ($4,039.46 of which was restitution), and that

_____

[1] Contempt may be criminal or civil:

> The distinguishing characteristic between contempts which are classified as criminal and those labeled civil is that the latter has as its dominant purpose to enforce compliance with an order of court for the benefit of the party in whose favor the order runs. Criminal contempts, on the other hand, have as a dominant purpose the vindication of the dignity and authority of the court and to protect the interests of the general public. The dominant purpose of coercion or punishment is expressed in the sanction imposed. A civil adjudication of contempt coerces with a conditional or indeterminate sentence of which the contemnor may relieve himself by obeying the court's order, while a criminal adjudication of contempt punishes with a certain term of imprisonment or a fine which the contemnor is powerless to escape by compliance.

*Grubb v. Grubb*, 473 A.2d 1060, 1062 (Pa. Super. 1984) (citations, quotation marks, and brackets omitted). In this case, the Commonwealth did not specify whether it sought to have Appellant held in civil or criminal contempt.

Appellant had failed to contact the Department of Probation Services to set up payment arrangements within ten days of his release. Allegations of Contempt of Court, 4/29/16. Appellant appeared at the June 13, 2016 hearing, and the trial court issued the following order:

> AND NOW, this 13th day of June, 2016, [Appellant] having appeared before this Court on an allegation of Contempt of Court; he having appeared without counsel and the Court being satisfied he has knowingly, voluntarily and intelligently waived his right to same, it is the ORDER of this Court as follows:
>
> 1. Effective with the month of June 2016 and continuing through and including November 2016, the Collection Office shall receive no less than Twenty ($20.00) Dollars per month, with the same to be received by no later than the last business day of each month for which said payment is due;
>
> 2. Effective with the month of December 2016 and continuing thereafter until all amounts are paid in full, the Collection Office shall receive no less than Fifty ($50.00) Dollars per month, with the same to be received by no later than the last business day of each month for which said payment is due;
>
> 3. Effective June 2016 and continuing thereafter, the [Appellant] shall perform no less than fifteen (15) hours of community service per month under the standard terms and conditions of the Clearfield County Community Service Program.
>
> Any failure to comply with the above provisions shall result in automatic issuance of Bench Warrant without further notice or hearing being provided.
>
> It is the responsibility of [Appellant] to, at all times, notify, in writing, the Adult Probation office of any new phone number or address, or to communicate the same in person to an employee of the Collections Office.

It is the further ORDER of this Court that [Appellant] notify the Department of Probation Services, Adult Division, of any financial changes.

Order, 6/13/16.

On June 27, 2016, Appellant timely appealed to this Court and also filed a motion to stay the order with the trial court. The trial court denied the motion to stay as frivolous, and explained its reasons as follows:

1. Richard Tokarcik . . . who is no longer on parole or probation appeared for a contempt hearing before the Court on June 13, 2016. The purpose of the hearing was to deal with [Appellant]'s failure to make payments towards his outstanding fines, costs and restitution. [Appellant] was not incarcerated at the time.

2. [Appellant]'s balance due at the time of the hearing was $4,305.00; most of the same being for restitution.

3. [Appellant] had been released from a [Department of Corrections] halfway house by his own admission in July, 2015. Since that time no payments had been received other than $200.00 paid May 17, 2016. This payment clearly had been made due to [Appellant] receiving notice of the contempt hearing, as the notice was dated April 28, 2016.

4. At [the] time of the contempt hearing, the Court inquired of [Appellant] as to his ability to pay on amounts due. [Appellant] suggested $20.00 per month at the current time, as he was working part-time. He was hoping to obtain a full time shift and being able to pay more later.

5. Accordingly, the Court ordered him to pay $20.00 per month effective June, and through November, 2016. The monthly payment was raised to $50.00 per month effective December, 2016.

6. As noted, the majority of the amounts due by [Appellant] constituted restitution. The Clearfield County Adult Probation Department has a Community Service Program wherein defendants who owe restitution can perform community service and receive $7.00 credit per hour towards the amount of restitution owed. This option is for restitution payment only, and is not available relative [to] fines and costs.

- 4 -

7. [Appellant] was advised that he could do community service to help pay on restitution. He agreed to do so and indicated that all of his days were pretty much free. Accordingly, [Appellant] was ordered to successfully complete no less than 15 hours of community service per month.

8. At no time during the hearing did [Appellant] object to performing community service. Nor did he indicate he had any mental or physical disability, including but not limited to severe depression, which would render him incapable of performing community service.

9. [Appellant] has not preserved with the record objections to his performance of community service.

Order, 7/14/16. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement. In lieu of a Pa.R.A.P. 1925(a) opinion, the trial court asked this Court to consider its Order of July 14, 2016 as determinative. *See* Letter, 8/16/16.

In this appeal, Appellant raises the following issues, as stated in his brief:

1) Whether judicial error occurred when the court ordered a contempt order, when the facts show [Appellant] not in contempt.

2) Whether judicial error occurred when the court failed to ensure [Appellant] knowingly, intelligently and voluntarily waived his right to counsel.

3) Whether counsel was ineffective during original plea and sentencing, to allow [Appellant] to be sentenced unknowing of a term in the sentence, of contacting the [C]learfield [C]ounty [D]epartment of [P]robation after serving the entire sentence.

Appellant's Brief at 2.

- 5 -

## Contempt

In his first issue, Appellant claims that the trial court erred by entering a contempt order when he was not in fact in contempt. However, the trial court did not hold Appellant in contempt. The trial court merely established a payment plan for the restitution, fines, and costs Appellant already owed. *See* Order, 6/20/16.

The Judicial Code sets forth specific procedures for when a defendant defaults in payment of a fine, court costs, or restitution:

**(b) Procedures regarding default.**—

(1) If a defendant defaults in the payment of a fine, court costs or restitution after imposition of sentence, the issuing authority or a senior judge or senior magisterial district judge appointed by the president judge for the purposes of this section may conduct a hearing to determine whether the defendant is financially able to pay.

(2) If the issuing authority, senior judge or senior magisterial district judge determines that the defendant is financially able to pay the fine or costs, the issuing authority, senior judge or senior magisterial district judge may turn the delinquent account over to a private collection agency or impose imprisonment for nonpayment, as provided by law.

(3) If the issuing authority, senior judge or senior magisterial district judge determines that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the issuing authority, senior judge or senior magisterial district judge may provide for payment in installments. In determining the appropriate installments, the issuing authority, senior judge or senior magisterial district judge shall consider the defendant's financial resources, the defendant's ability to make restitution and reparations and the nature of the burden the payment will impose on the defendant. If the defendant is in default of a payment or advises the issuing authority, senior judge or senior magisterial district judge that

default is imminent, the issuing authority, senior judge or senior magisterial district judge may schedule a rehearing on the payment schedule. At the rehearing the defendant has the burden of proving changes of financial condition such that the defendant is without the means to meet the payment schedule. The issuing authority, senior judge or senior magisterial district judge may extend or accelerate the schedule, leave it unaltered or sentence the defendant to a period of community service as the issuing authority, senior judge or senior magisterial district judge finds to be just and practicable under the circumstances.

42 Pa.C.S. § 9730(b).

Here, after the Commonwealth filed its request to hold Appellant in contempt, the trial court, in accordance with Section 9730(b), held a hearing to determine Appellant's ability to pay the outstanding fines, costs, and restitution. *See* Order, 7/14/16, at ¶ 4. At that hearing, Appellant stated that he could pay $20 per month, was hoping to obtain a full-time job so that he could pay more, and was willing to do community service to receive credit towards the amount of restitution. *Id.* at ¶¶ 4, 7. Based on Appellant's representations, the trial court's order established a payment plan. The trial court's procedure was in accordance with Section 9730(b)(3). The trial court did not impose imprisonment, or any other penalty, for nonpayment.

That the trial court's order was issued in response to allegations of contempt does not necessarily mean that the court held Appellant in contempt. *See Commonwealth v. Stoltzfus*, 424 A.2d 868, 869 (Pa. 1981). In *Stoltzfus*, the defendant had been ordered to pay a fine and costs of prosecution within 30 days of his conviction. 424 A.2d at 869.

When he failed to make the required payment, he was arrested for criminal contempt. *Id.* Ultimately, the trial court entered an order establishing a schedule for payment of the outstanding fine and costs. *Id.* The Supreme Court of Pennsylvania held that the order establishing the payment schedule was not an order of criminal contempt. *Id.*

In *Gerace v. Gerace*, 631 A.2d 1360, 1361 (Pa. Super. 1993), Gregory Gerace had been ordered to return his step-daughter's property. When Gregory failed to do so, his step-daughter petitioned the court to enter a rule and adjudicate Gregory in civil contempt. *Id.* In response, the court ordered Gregory to pay his step-daughter $8,680.85, the value of the property he had either retained or destroyed. *Id.* On appeal, this Court explained that the order to pay $8,680.85, although filed in response to a petition for an adjudication of civil contempt, did not find Gregory in contempt; rather, it merely modified the earlier order requiring return of his step-daughter's property. *Id.* at 1362 ("The fact that the order was made in response to a petition for rule and adjudication of civil contempt does not mean appellant was actually adjudged in contempt of court").

Here, as in *Stoltzfus* and *Gerace*, although contempt proceedings were initiated, the trial court never held Appellant in contempt. Rather, the trial court simply followed the procedure set forth in 42 Pa.C.S. § 9730(b)(3). Therefore, Appellant's first issue has no merit.

**Right to Counsel**

In his second issue, Appellant contends that the trial court failed to ensure that he knowingly, intelligently, and voluntarily waived his right to counsel at the contempt hearing. Appellant's Brief at 4.[2]

There is no transcript of the June 13, 2016 hearing in the certified record, and the record does not indicate that Appellant requested such a transcript. We are unable to review Appellant's second issue without this transcript. This Court has explained:

> With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for[3] any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a). . . . When the appellant . . . fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. [**Commonwealth v. Williams**, 715 A.2d 1101, 1105 (Pa. 1998)]. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts. **Id.**

---

[2] For purposes of this appeal, we assume, without deciding, that Appellant had a right to counsel at the June 13, 2016 hearing. The notice informing Appellant of the June 13th hearing stated, "It is your responsibility to see that you and your attorney are present in the Courtroom at the time and date specified. If you cannot afford an attorney, you may apply for free legal representation at the Public Defender's Office . . . ." Notice, 4/29/16. The trial court appears to have believed that Appellant had a right to counsel, as it noted in its June 13, 2016 Order its satisfaction that Appellant knowingly, voluntarily, and intelligently waived that right. **See** Order, 6/13/16.

[3] If a person is unable to pay the costs of transcription, those costs will be waived or adjusted. Pa.R.J.A. 4007(E).

> In the absence of specific indicators that a relevant document exists but was inadvertently omitted from the certified record, it is not incumbent upon this Court to expend time, effort and manpower scouting around judicial chambers or the various prothonotaries' offices of the courts of common pleas for the purpose of unearthing transcripts . . . .

***Commonwealth v. Preston***, 904 A.2d 1, 7-8 (Pa. Super. 2006) (*en banc*),

***appeal denied***, 916 A.2d 632 (Pa. 2007).

Although Appellant was granted leave to proceed *in forma pauperis*, that did not relieve him of his obligation to request the necessary transcript. ***See Commonwealth v. Osellanie***, 597 A.2d 130, 131 (Pa. Super. 1991) ("Although Osellanie is before this court *in forma pauperis* it is nonetheless the appellant's responsibility to order the transcript required and ascertain its presence in the record prior to certification for appeal").

Because we are unable to review Appellant's second claim without the missing transcript, that claim is waived. ***See Preston***, 904 A.2d at 7-8.

**Ineffective Assistance of Counsel at Sentencing**

In his third issue, Appellant claims that his counsel was ineffective at his November 9, 2010 sentencing. Appellant claims that his counsel failed to explain his sentence. This claim is not properly before this Court. The only issue in this appeal is the propriety of the trial court's June 13, 2016 order imposing a payment plan. Any claim that sentencing counsel was ineffective should have been raised in a timely PCRA petition. ***See Commonwealth v.***

*Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) ("The PCRA provides the sole means for obtaining collateral review of a judgment of sentence").[4]

For the foregoing reasons, we affirm the trial court's order imposing a payment plan.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2017

---

[4] We note that Appellant filed a PCRA petition on August 3, 2016. That petition was dismissed because Appellant is no longer serving a sentence of imprisonment, probation, or parole. *See* Order 8/9/16 (citing 42 Pa.C.S. § 9543(a)(1)(i); *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa. Super. 2009), *appeal denied*, 990 A.2d 730 (Pa. 2010)).