J-A07008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| K & T PROPERTIES LP AND FLOUNDER LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FRANK SCHMIDT | : | |
| | : | No. 2177 EDA 2018 |
| Appellant | : | |

Appeal from the Judgment Entered July 18, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 03741 September Term, 2017

BEFORE: OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY OLSON, J.: **FILED FEBRUARY 07, 2019**

Appellant, Frank Schmidt, appeals *pro se* from the judgment entered on July 18, 2018. We dismiss the appeal.

K&T Properties LLC ("K&T") owned property located on East Columbia Avenue in Philadelphia. A garage, with an address of 1422 Orange Street, is located on that property. In September 2017, Appellant occupied that garage without permission or a lease.

On September 29, 2017, K&T filed an ejectment action. In May 2018, Flounder LLC ("Flounder") acquired the property, including the garage, and was substituted for K&T as plaintiff in this action. On June 20, 2018, Appellant failed to appear for trial and trial was held in his absence. **See** Pa.R.C.P. 218(b)(1). The trial court found in favor of Flounder and awarded it possession of the garage. The following day, Appellant filed a post-trial motion

_____

* Former Justice specially assigned to the Superior Court.

that was denied on June 28, 2018. Appellant filed a premature notice of appeal. On July 18, 2018, judgment was entered in favor of Flounder and against Appellant. Appellant's premature notice of appeal is considered filed as of that date. **See** Pa.R.A.P. 905(a)(5). On September 18, 2018, Appellant was evicted from the garage.

We first address whether this appeal is moot. "If events occur to eliminate the claim or controversy at any stage in the process, the [issue] becomes moot." **In re S.H.**, 71 A.3d 973, 976 (Pa. Super. 2013) (citation omitted). As noted above, Appellant was evicted from the property during the pendency of this appeal. Because Appellant has lost possession of the garage, this appeal is moot.[1] **See Overland Enter., Inc. v. Gladstone Partners, LP**, 950 A.2d 1015, 1021 (Pa. Super. 2008) (citation omitted). Hence, we dismiss this appeal because it is moot. **See Commonwealth v. Fitzpatrick**, 181 A.3d 368, 373 (Pa. Super. 2018), *appeal denied*, 191 A.3d 740 (Pa. 2018).

Moreover, even if this appeal were not moot, we would dismiss this appeal under Pennsylvania Rule of Appellate Procedure 2101. That rule provides that

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or

---

[1] This Court declined to stay the judgment because Appellant failed to post a supersedeas pursuant to Pennsylvania Rule of Appellate Procedure 1733.

reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

In his brief, Appellant "fails to cite to any legal authority or otherwise develop the issue." *In re C.R.*, 113 A.3d 328, 336 (Pa. Super. 2015) (citation omitted). Such a failure constitutes noncompliance with Pennsylvania Rule of Appellate Procedure 2119(a).[2] *See id.* We conclude that the defect in Appellant's brief is substantial. Hence, even if we did not dismiss this appeal as moot, we would dismiss it under Rule 2101.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/19

---

[2] That rule provides that "The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).