IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lawrence Owens, | : | **CASES CONSOLIDATED** |
| Appellant | : | |
| | : | |
| v. | : | Nos. 449 and 936 C.D. 2022 |
| | : | |
| City of Farrell's City Council; | : | |
| Robert Burich; Terrence Crumby; | : | |
| Cliff Gregory; Albert Rock | : | Submitted: November 7, 2024 |

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE MATTHEW S. WOLF, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                                     FILED:  December 17, 2024

Lawrence Owens appeals, *pro se*, from two March 7, 2022 Orders entered by the Mercer County Court of Common Pleas (Trial Court).  The first March 7, 2022 Order denied Mr. Owens' Motion for Recusal.  The second March 7, 2022 Order granted in part and denied in part a Motion for Discontinuance with Request for Sanctions filed by the City of Farrell City Council, Robert Burich, Terrence Crumby, Cliff Gregory, and Albert Rock (together, City Council) and dismissed Mr. Owens' cause of action without prejudice.  Mr. Owens also appeals from the Trial Court's June 6, 2022 Order denying his request for criminal court transcripts.[1]  We affirm the Trial Court's Orders.

## **Background**

On January 24, 2020, Mr. Owens filed in the Trial Court a Complaint and Motion for Preliminary Injunction (Complaint), challenging City Council's

---

[1] In his appellate brief, Mr. Owens only challenges the Trial Court's rulings in its March 7, 2022 Orders.  *See* Owens Br. at 2, 8.

appointment of Olive M. McKeithan, the former Mayor of the City of Farrell, to fill a vacancy on City Council in 2019. Mr. Owens averred, *inter alia*, that "[Ms.] McK[ei]than was voted in on [City C]ouncil, by the defendants, illegally, to fill the vacancy left by Mayor[-E]lect, Kimberly Doss. This was done in direct violation of [the City] of Farrell's [Home Rule Charter] governing vacancies." Compl. at 1. In his prayer for relief, Mr. Owens "demand[ed] that the former Mayor immediately relinquish the [City C]ouncil seat[] that was illegally given to her until the honorabl[e] courts rule, however long that takes." *Id.* at 4. On January 28, 2020, the Trial Court received a letter from City Council's attorney stating that Mr. Owens' service of the Complaint on City Council was defective.[2]

The case then sat dormant in the Trial Court for two years with no docket activity. On January 27, 2022, the Trial Court entered an Order scheduling a review conference for March 11, 2022, pursuant to a local rule of civil procedure. The Order stated: "The purpose of the conference shall be to determine whether or not to dismiss th[is] matter for lack of activity, enter a Case Management Order, or amend an existing Case Management Order." Trial Ct. Order, 1/27/22, at 1. On February 11, 2022, Mr. Owens filed a Motion for Continuance, after which the Trial Court rescheduled the review conference for April 1, 2022.

On March 3, 2022, Mr. Owens filed in the Trial Court: (1) a copy of his originally filed Complaint; (2) a Motion for Recusal, seeking to disqualify the trial judge on the ground that he "proved that he cannot be fair and impartial when City

---

[2] At the March 7, 2022 hearing, City Council's attorney explained to the Trial Court: "[Mr. Owens] label[ed] it as a Complaint and a Motion [f]or Preliminary Injunction. There [was] no service by the sheriff, there [was] no *in forma pauperis* filed, and there[ was] no Notice to Plead, so we just let it sit there." Notes of Testimony (N.T.), 3/7/22, at 3.

officials are involved"; and (3) a Notice of Praecipe for Entry of Judgment of Non Pros or by Default for City Council's failure to respond to the Complaint.

Also on March 3, 2022, City Council filed a Motion for Discontinuance with Request for Sanctions. City Council averred that "[Ms.] McKeithan has since retired from [her] position" on City Council. Mot. for Discontinuance ¶ 5. City Council sought dismissal of the case on the following grounds: there was no longer a justiciable controversy in light of Ms. McKeithan's retirement; Mr. Owens failed to comply with applicable procedural rules regarding service; and Mr. Owens failed to diligently pursue his claim. City Council requested that appropriate sanctions be entered "to prevent the further filing of similar documents against the City [of Farrell] and its elected council[]persons." *Id.* ¶ 13.

On March 7, 2022, the Trial Court convened a hearing on the outstanding motions, following written notice to the parties, but Mr. Owens did not appear. On the same date, the Trial Court granted City Council's Motion for Discontinuance, denied its Request for Sanctions, and denied Mr. Owens' Motion for Recusal. In dismissing the case without prejudice, the Trial Court noted that "all of the issues involved in this action have become moot and there is no justiciable case or controversy on which th[e Trial] Court can act." Trial Ct. Order, 3/7/22, at 1.[3] The Trial Court further advised that "[n]othing in this Order shall prevent [Mr. Owens] from refiling his Complaint should he choose to do so." *Id.* at 2.

On March 18, 2022, Mr. Owens filed a Motion for Reconsideration, which the Trial Court denied. These appeals followed.

_____

[3] In light of these rulings, on March 10, 2022, the Trial Court entered an Order cancelling the review conference previously scheduled for April 1, 2022.

3

<u>**Analysis**</u>

In his *pro se* appellate brief, Mr. Owens identifies eight issues for our review, which we have reconfigured and condensed into three categories.[4]

## 1. Recusal

First, Mr. Owens asserts that the trial judge, Judge D. Neil McEwen, abused his discretion in failing to recuse himself from the proceedings because, according

[4] These categories correspond with the three issues identified in Mr. Owens' Notice of Appeal from the March 7, 2022 Orders. *See* Not. of Appeal, 4/7/22, at 1. Several of the issues listed in Mr. Owens' Statement of Questions Involved are repetitive, waived, or unrelated to the civil matter that is the subject of this appeal, and, therefore, we do not address those issues. *See* Owens Br. at 7-8.

We further note that we could quash Mr. Owens' appeals for his failure to comply with our Rules of Appellate Procedure. "This Court has repeatedly held that substantial omissions, defects, and/or failures to conform to the minimal requirements . . . for writing an appellate brief set forth in Chapter 21 of the Pennsylvania Rules of Appellate Procedure will result in the quashing or dismissal of the appeal." *Lal v. Dep't of Transp.*, 755 A.2d 48, 49 (Pa. Cmwlth. 2000) (emphasis added); *see* Pa.R.A.P. 2101 ("Briefs . . . shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief . . . of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."). Although this Court is willing to construe *pro se* filings liberally, *pro se* status generally confers no special benefit on an appellant. *See Means v. Hous. Auth. of City of Pittsburgh*, 747 A.2d 1286, 1289 (Pa. Cmwlth. 2000). Thus, a *pro se* litigant must comply with our appellate rules, and we may quash or dismiss an appeal if the appellant fails to comply with the rules. *See id.*

While Mr. Owens' brief includes the requisite components, many sections of his brief violate our appellate rules. For example, the Summary of Argument is not a "concise[] . . . summary of the arguments presented in support of the issues in the statement of questions involved." Pa.R.A.P. 2118. Rather, the Summary of Argument addresses only the trial judge's alleged involvement in Mr. Owens' prior criminal case. In addition, the Argument section is not "divided into as many parts as there are questions to be argued," and the points addressed therein are "not followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). In fact, the eight issues listed in the Statement of Questions Involved bear no relation to the divisions within the Argument section. The Argument is also disjointed, repetitive, and often incoherent. Despite these defects, however, we will limit our review to the arguments we can reasonably glean from Mr. Owens' brief. *See Richardson v. Pa. Ins. Dep't*, 54 A.3d 420, 426 (Pa. Cmwlth. 2012).

to Mr. Owens, Judge McEwen "has prove[n] that he cannot be fair and impartial when City officials are involved." Owens Br. at 9. The basis for Mr. Owens' claim is his allegation that Judge McEwen ruled against him during a preliminary hearing in a prior criminal matter nine years earlier, when Judge McEwen was a magisterial district judge. *See id.* at 6, 9, 13-16.

It is well settled that "[t]he party requesting recusal must produce evidence establishing bias, prejudice[,] or unfairness 'which raises a substantial doubt as to the jurist's ability to preside impartially.'" *DeLuca v. Mountaintop Area Joint Sanitary Auth.*, 234 A.3d 886, 895 (Pa. Cmwlth. 2020) (quoting *Com. v. Abu-Jamal*, 720 A.2d 79, 89 (Pa. 1998)). Furthermore:

> As a general rule, a motion for recusal is initially directed to and decided by the jurist whose impartiality is being challenged. In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. *This is a personal and unreviewable decision that only the jurist can make. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion.* In reviewing a denial of a disqualification motion, we recognize that our judges are honorable, fair[,] and competent.

*Abu-Jamal*, 720 A.2d at 89 (internal citations omitted) (emphasis added); *see also King Coal Co. v. Com.*, 475 A.2d 939, 943 (Pa. Cmwlth. 1984) ("The decision of the trial judge not to recuse will not be disturbed on review except for an abuse of discretion.").

5

In support of his recusal claim, Mr. Owens makes scathing accusations of collusion and impropriety against then-Magisterial District Judge McEwen in the 2013 criminal case. For example, Mr. Owens asserts:

> While Judge McEwen was a Magistrate, after not allowing [Mr.] Owens his [c]onstitutional rights to a fair hearing and then, after being made aware of this, by Motions filed by [Mr.] Owens . . . and testimony tak[en] at the Magistrate level - which is now missing, and the fact that the named [police o]fficers[] falsified their probable cause statements, Magistrate McEwen did still find a [p]rima facie case against [Mr.] Owens as to the allegations of said falsified affidavits. . . . .

Owens Br. at 4-5; *see id.* at 13 (asserting the same). He continues:

> Magistrate McEwen may have conspired to and engaged in malicious prosecution, malicious abuse of process, false arrest and intentional infliction of emotional distress, when he ignored [Mr. Owens'] Continuance Motion at the Magistrate level in May of 2013. [Mr. Owens] states that the officers involved in the [criminal] charges[] falsified their affidavits by stating false accusations [against him] and falsely stated that a complaint was filed. . . .
>
>  . . . [T]his failure allowed Magistrate McEwen to deny [Mr. Owens] an opportunity to prove, as he alleges, that [p]olice officers . . . procured the institution of malicious prosecution proceedings[] . . . .

*Id.* at 15-16; *see also id.* at 18 ("[Mr. Owens] states that he was coerced to go ahead with his [p]reliminary hearing[] by Magistrate McEwen['s] conduct, even though he was not prepared."); *id.* at 19 ("[T]here may be evidence of an ulterior motive on the part of the [p]olice officers and then[-]Magistrate McEwen in instituting the original proceeding[] . . . .").

Our courts have held that a judge is not automatically disqualified from hearing a case merely because he or she has presided over a prior case, including a criminal case, involving the same litigant. *Matusavage v. Unemployment Comp. Bd.*

6

*of Rev.*, 521 A.2d 92, 95 (Pa. Cmwlth. 1987); *Com. v. McQuaid*, 417 A.2d 1210, 1215 (Pa. Super. 1980); *see Com. v. Edney*, 464 A.2d 1386, 1389 (Pa. Super. 1983) ("Evidence that the trial judge presided over an earlier trial involving the same defendant is not, in itself, sufficient evidence of prejudice[] . . . ."); *see also Abu-Jamal*, 720 A.2d at 90 ("Adverse rulings alone do not . . . establish the requisite bias warranting recusal, especially where the rulings are legally proper.").

We conclude that Mr. Owens has failed to establish the requisite bias so as to warrant recusal. He merely posits that Judge McEwen must hold some bias because, nine years earlier, he allegedly ruled against Mr. Owens at the preliminary hearing in his criminal case. In denying the recusal motion, Judge McEwen examined his prior experience with Mr. Owens and determined that recusal was unnecessary. Judge McEwen explained that, given the significant length of time that had passed since his involvement in the criminal case, and the fact that he could not recall the specifics of Mr. Owens' prior case, he believed he could be fair and impartial in the present case. Judge McEwen stated:

> [A]ny request for me to recuse based on my prior dealings with [Mr. Owens] would be denied. *I have no basis to recuse myself simply because, according to him, I heard a matter as a Magisterial District Judge, which I vaguely remember him being in court, I don't remember what it [w]as about, I don't remember what the result was, but that's not a basis for me to recuse.*

N.T., 3/7/22, at 4 (emphasis added); *see also* Trial Ct. Order, 3/7/22, at 1 ("The [Trial] Court has reviewed the Code of Conduct for judges, its memory, and its conscience" and "*is certain that it can be fair and impartial* and has determined there is no basis to recuse.") (emphasis added). The record establishes that Judge McEwen appropriately considered his ability to assess the present case in an impartial manner

7

as required by our case law. *See Abu-Jamal*, 720 A.2d at 89.[5]  The Trial Court also observed that Mr. Owens sought "recusal on the basis of a bald assertion without providing proof of the claim."  Trial Ct. Op., 8/25/22, at 6.[6]  Under these circumstances, we conclude that the Trial Court did not abuse its discretion in denying the Motion for Recusal.

## 2. Discontinuance

Next, Mr. Owens asserts that the Trial Court erred in granting City Council's Motion for Discontinuance on mootness grounds.  We disagree.

"The concept of mootness focuses on a change that has occurred during the length of the legal proceedings." *In re Cain*, 590 A.2d 291, 292 (Pa. 1991).  "If an event occurs that renders impossible the grant of the requested relief, the issue is moot and the appeal is subject to dismissal." *Del. River Preservation Co. v. Miskin*, 923 A.2d 1177, 1183 n.3 (Pa. Super. 2007).

In this case, the Trial Court explained its reason for granting the Motion for Discontinuance as follows:

---

[5] To the extent Mr. Owens is attempting to challenge specific rulings made by then-Magisterial District Judge McEwen in the 2013 criminal case, as it appears based on the averments in his brief, such claims are not properly before this Court.

[6] After filing his appeals from the March 7, 2022 Orders, Mr. Owens filed a "Motion for Civil/Criminal Cases to be Transcribed," in which he requested not only the transcript of the March 7, 2022 hearing in this matter, but also the transcripts from his prior criminal case docketed at number 2013-711.  In denying Mr. Owens' request for the criminal transcripts, the Trial Court stated:  "[A]*ll transcripts this Court possesses for* [*criminal*] *docket* [*number 2013-711*] *have already been given to* [*Mr. Owens*] *on December 29, 2021*.  If [he] does not have the desired documents already, those documents are not of record."  Trial Ct. Order, 6/6/22, at 1.  In his appellate brief, Mr. Owens contends that "[t]he [Trial C]ourt cannot provide the records of [Mr. Owens'] preliminary hearing because they have disappeared[]."  Owens Br. at 6 (emphasis removed).

> [Mr. Owens] initiated suit on January 24, 2020 to challenge the appointment of [Ms.] McKeithan to fill a vacancy on the City of Farrell's Council. As indicated by [City Council's] Motion for Discontinuance . . . , [Ms.] McKeithan retired from that position prior to [City Council's] filing of [its] Motion. In his Complaint, [Mr. Owens] requested [that Ms.] McKeithan be removed from the position. *This Court found [the] Complaint lacking a justiciable issue as [Ms.] McKeithan no longer held the position [Mr. Owens] alleges she was improperly appointed to and thus could not be subsequently removed from holding, making this issue moot.*

Trial Ct. Op., 8/25/22, at 8-9 (emphasis added). Critically, in his Motion for Reconsideration, Mr. Owens included an "Answer to City of Farrell Discontinuance Motion," in which he expressly "agree[d] that [Ms.] McKeithan retired" from her position on City Council. Owens Mot. for Reconsideration at 3.

Recently, in *Metroka v. Lower Moreland Township Police Department* (Pa. Cmwlth., No. 1512 C.D. 2022, filed July 23, 2024),[7] this Court addressed the doctrine of mootness under fairly similar circumstances. In that case, we explained:

> An intervening change in facts or the law may render an issue moot. Furthermore, "[i]t is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief." "Stated differently, *an issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect*."
>
> Here, *it is undisputed that the [alleged defamatory article] has been removed. The sole relief [the a]ppellant sought in her Injunction Motion was "an emergency injunction enjoining the . . . Police [D]epartment and [its] counsel from continuing to publish the defamatory article to the worldwide web." Thus, it is impossible for*

---

[7] We may cite an unreported decision of this Court, issued after January 15, 2008, for its persuasive value pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

*this Court to grant [the a]ppellant relief because she already obtained the relief she sought in the Injunction Motion*.

*Id.*, slip op. at 12 (internal citations omitted) (some alterations in original) (emphasis added).

Likewise, in this case, the *sole* relief Mr. Owens sought in his Complaint was the removal of Ms. McKeithan from City Council. *See* Compl. at 4. The parties do not dispute that, since the filing of this action, Ms. McKeithan has retired from her position on City Council. Because it was impossible for the Trial Court to grant the relief Mr. Owens requested, the Trial Court properly dismissed his Complaint. *See Meyer v. Strouse*, 221 A.2d 191, 192 (Pa. 1966) (holding that the expiration of an ousted tax collector's term of office rendered moot the question of his right to exercise that office); *Zemprelli v. Thornburgh*, 466 A.2d 1123, 1124-25 (Pa. Cmwlth. 1983) (holding that a *quo warranto* action seeking the removal of a state official from office was moot based on his resignation).[8]

### 3. Default Judgment

Finally, Mr. Owens contends the Trial Court erred in failing to rule on his request for a default judgment based on City Council's failure to file a timely responsive pleading to his Complaint. We disagree.

Mr. Owens' Complaint did not include a notice to defend as required by Pa.R.Civ.P. 1018.1(a), which states that "[e]very complaint filed by a plaintiff . . . *shall begin with a notice to defend* . . . ." Pa.R.Civ.P. 1018.1(a) (emphasis added). With regard to the entry of a default judgment, Pa.R.Civ.P. 1037(b) provides: "The prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant

---

[8] Notably, the Trial Court "dismissed the case *without prejudice* and noted [that] nothing in the Order prevented [Mr. Owens] from refiling his complaint." Trial Ct. Op., 8/25/22, at 9 (emphasis added); *see* Trial Ct. Order, 3/7/22, at 1.

10

for failure to file within the required time a pleading to *a complaint which contains a notice to defend . . . .*" Pa.R.Civ.P. 1037(b) (emphasis added).

Our case law is clear that a prothonotary lacks authority to enter a default judgment where the plaintiff does not include a notice to defend in his or her complaint. *See Mother's Rest. v. Krystkiewicz*, 861 A.2d 327, 338 (Pa. Super. 2004) (*en banc*) (holding that a complaint must include a notice to defend and that a defendant has no obligation to file a responsive pleading when the preceding pleading does not contain such a notice); *see also Reaves v. Knauer*, 979 A.2d 404, 412 (Pa. Cmwlth. 2009) ("[A] party is under no obligation to answer a complaint lacking a notice to defend.") (citing *Mother's Rest.*, 861 A.2d at 338); 11 Std. Pa. Practice 2d § 68:6 (2010 ed.) ("[A] plaintiff['s] filing of a notice of praecipe for the entry of default judgment does not cure the defect of the plaintiff['s] failure to file in the[] original action a notice to defend; therefore, entry of a default judgment is precluded."). Therefore, because Mr. Owens' Complaint did not include the required notice to defend, the Trial Court was precluded from entering a default judgment against City Council.

Moreover, as the Trial Court found, Mr. Owens also failed to properly serve his request for a default judgment on City Council as required by our Rules of Civil Procedure:

> [Mr. Owens] provided both notice of his intent to enter a default judgment and certification of the document to this Court. However, [Mr. Owens'] certification indicates the notice was served via hand delivery upon [City Council] only and not upon [its] counsel of record, Attorney Stephen J. Mirizio. Pa.R.C[iv].P. 237.1(a)(2)(ii) required [Mr. Owens] to also serve a copy on [City Council's] attorney of record in addition to [City Council] themselves[,] which [he] failed to do. *Pa.R.C[iv].P. 237.l(a)(4) states*[ that] *the notice and certification requirement may not be waived. Therefore,* [*Mr. Owens'*] *notice was*

11

*facially defective and could not be acted upon.* Also, the record suggests [City Council] did not file a responsive pleading to [the] Complaint because [the] Complaint was not properly served upon [City Council,] which inhibited [its] ability to respond to the Complaint or risk waiving an improper service argument. *See Flanders v. Ford City Borough Council*, 986 A.2d 964, 973 (Pa. [Cmwlth.] 2009) ([a]ctual participation in legal proceedings waives irregularities in the notice and service procedures, even lack of formal notice).

Trial Ct. Op., 8/25/22, at 7 (internal citation omitted) (emphasis added); *see City of Phila. v. David J. Lane Advert., Inc.*, 33 A.3d 674, 680 (Pa. Cmwlth. 2011) ("Rules allowing a party to obtain a judgment by filing a praecipe, whether for non pros or by default for failure to plead, *must be strictly construed*.") (emphasis added); *Erie Ins. Co. v. Bullard*, 839 A.2d 383, 387-88 (Pa. Super. 2003) (holding that by failing to provide dual service of praecipe for entry of default judgment on both the defendant *and* his attorney of record, the plaintiff "disregarded the letter, spirit, and purpose of the rule requiring dual service").

For these reasons, we conclude that the Trial Court did not err in failing to rule on Mr. Owens' request for a default judgment.

## **Conclusion**

Accordingly, we affirm the Trial Court's Orders.

_____
ELLEN CEISLER, Judge

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Owens,  : **CASES CONSOLIDATED**
          Appellant  :
            :
      v.  : Nos. 449 and 936 C.D. 2022
            :
City of Farrell's City Council;  :
Robert Burich; Terrence Crumby;  :
Cliff Gregory; Albert Rock  :

# **O R D E R**

AND NOW, this 17th day of December, 2024, the Orders entered by the Mercer County Court of Common Pleas on March 7, 2022, and June 6, 2022, in the above-captioned matters are hereby AFFIRMED.

 

ELLEN CEISLER, Judge